UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                                    PLAINTIFF

VS.                                    CIVIL ACTION NO. 1:22-CV-2-HSO-RHWR

HUNTINGTON INGALLS INDUSTRIES, INC.,                          DEFENDANTS
d/b/a HUNTINGTON INGALLS
INCORPORATED, and NSC TECHNOLOGIES,
LLC

**MEMORANDUM OF HUNTINGTON INGALLS INDUSTRIES, INC.
IN SUPPORT OF MOTION TO DISMISS**

The Equal Employment Opportunity Commission filed this Title VII suit in the

Southern District of Alabama on behalf of Victoria Sellers and Shontell Coleman, two

former employees of NSC Technologies, LLC, and a class of unidentified female

employees. (Doc. 1 at 1) In its Complaint, the EEOC asserted that, while working at the

Ingalls shipyard in Pascagoula, Sellers, Coleman, and the class were subjected to sexual

harassment by Patrick Dingle, an Ingalls supervisor. (*Id*. at 4) The EEOC named as

defendants Huntington Ingalls Industries, Inc. ("Industries") and NSC. (*Id*. at 1)

The EEOC, however, filed its Complaint in the wrong court against the wrong

Huntington Ingalls entity. The EEOC agreed to a transfer, and the case was transferred

to this Court. But for reasons known only to the EEOC, it has refused to substitute the

right entity for the wrong one despite Industries' repeated requests that it do so.

(Emails, Ex. A).

Industries is the wrong entity because it does not own or operate the Ingalls

shipyard, or any other facility or operations for that matter. It is merely a holding

company. The Ingalls shipyard is owned and operated by Huntington Ingalls

Incorporated ("Incorporated"), a subsidiary of Industries. (Schuck Dec., Ex. B) Ingalls

Shipbuilding is an unincorporated division of Incorporated, and Incorporated employs all those who work at the shipyard, including former employee Patrick Dingle. (*Id*.; Hughes Dec. ¶¶3-4, Ex. C)

The purchase order pursuant to which Sellers and Coleman worked at the shipyard was between Incorporated and NSC. (Hughes Dec. ¶8, Ex. C-3) Industries was not a party to it, nor could it have been. These documents, and many others confirming the facts—including Dingle's and other involved employees' W2s, the Collective Bargaining Agreement between Incorporated and the labor unions, and a report submitted to the Department of Labor identifying Incorporated as the employer—have been provided to the EEOC, but it still persists in pursuing its claims against the wrong entity. (Emails, Ex. A; Hughes Dec.¶¶6-9, Exs. C-1, C-2, C-3, and C-4)

Industries seeks dismissal of the EEOC's claims against it on two grounds. First, the Court lacks jurisdiction over Industries. When a defendant moves to dismiss an action for lack of personal jurisdiction, "the plaintiff bears the burden of establishing the jurisdiction of the district court." *Schmid v. Roehm GmbH*, 617 F. Supp. 655, 657 (S.D. Miss. 1985); *Stewart v. Marathon Petroleum Co. LP*, 326 F. Supp. 3d 284, 289 (5th Cir. 2018). Industries is not qualified to do business in Mississippi and does no business here. (Schuck Dec., Ex. B) Industries has no employees in Mississippi and performs no work in the state. (*Id*.) That its subsidiary, Incorporated, owns and operates a shipyard in Mississippi is not sufficient to establish personal jurisdiction over Industries. *E.g.*, *Davenport v. Hansaworld USA, Inc.*, 23 F. Supp. 3d 679, 697 (S.D. Miss. 2014)(dismissing parent company for lack of personal jurisdiction and holding that, generally, "a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there; the mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction

2

over the foreign parent.")(quoting *Hargrave v. Fibreboard Corp.,* 710 F.2d 1154, 1159 (5th Cir.1983)). The claims against Industries should be dismissed for lack of personal jurisdiction.

Second, Industries is not a proper defendant under Title VII because it was not the employer of any of those involved in the alleged harassment, neither the alleged harasser nor his alleged victims. It is undisputed that Dingle was employed by Incorporated, not by Industries. His W-2 form, which has been provided to the EEOC, demonstrates as much. (Hughes Dec., Ex. C-1) It is likewise undisputed that Sellers and Coleman were employed by NSC. Industries did not employ any of them and, as noted above, does not employ anyone at the shipyard. (Schuck Dec., Ex. B)

42 U.S.C. § 2002e-2 provides that it shall be an unlawful practice for an employer to discriminate against any individual because of her sex. If any Huntington Ingalls entity is liable for discriminating against Sellers, Coleman, and an alleged class, that entity is Incorporated, not Industries. Indeed, there is a strong presumption that a parent company is not the employer of its subsidiary's employees and thus cannot be liable to them under Title VII. *E.g.,* Lusk v. *Foxmeyer Health Corp.,* 129 F. 3d 773, 778 (5th Cir. 1997). That presumption cannot be overcome when the parent was not involved in the subsidiary's daily operations or the employment decisions at issue in the case. *Id. See Tipton v. Northrop Grumman Corp.,* 242 Fed. Appx. 187, at *2-3 (5th Cir. 2007); *Davenport,* 23 F. Supp. 3d at 693-96. Industries, which is merely a holding company, does not participate in the management of Incorporated's operations or its employment decisions, and thus cannot be liable in this case.

That the EEOC insists on pursuing its claims against the wrong entity is perplexing. Incorporated is a large, healthy company. It employs more than 30,000 shipbuilders at its facilities in Mississippi and Virginia. There is no risk that it will be

judgment proof. The Court has no jurisdiction over Industries, and Industries employed no one who is involved in this dispute. The Court should thus dismiss the EEOC's claims against Industries. Alternatively, Industries has no objection to a substitution of Incorporated for Industries. Either way, the EEOC will then be able to assert its claims against the correct entity, and the case can be litigated on the merits.

Dated:  January 21, 2022.

Respectfully submitted,

HUNTINGTON INGALLS INDUSTRIES, INC.

By its attorneys,

WATKINS & EAGER, PLLC

By: s/Adam Gates
       Adam Gates

Brooks Eason (MSB No. 5286)
Adam H. Gates (MSB No. 102305)
WATKINS & EAGER, PLLC
Mailing:  Post Office Box 650
Jackson, Mississippi  39205-0650
Physical:  The Emporium Building
400 East Capital Street
Jackson, Mississippi  39201
*Telephone:*  (601) 965-1900
beason@watkinseager.com
agates@watkinseager.com

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was served through the Court's ECF filing system to all counsel of record.

Dated: January 21, 2022.

 s/Adam Gates
Adam Gates

4