**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **PLAINTIFF** |
| V. | **Civil Action No. 1:22-cv-00002-HSO-RHWR** |
| **HUNTINGTON INGALLS INDUSTRIES, INC., d/b/a HUNTINGTON INGALLS INCORPORATED, and NSC TECHNOLOGIES, LLC** | **DEFENDANTS** |

**DEFENDANT NSC TECHNOLOGIES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT WITH JURY DEMAND ENDORSED HEREON**

Defendant NSC Technologies, LLC ("NSC"), by and through its counsel, in answer to Plaintiff Equal Employment Opportunity Commission's ("Plaintiff") Complaint, admits, denies and alleges as follows:

**NATURE OF THE ACTION**

Answering the statements set forth in the Nature of the Action paragraph, NSC admits that Plaintiff purports to bring this action under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C.§2000e *et seq*. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a. NSC denies all remaining allegations set forth in the Nature of the Action paragraph as they relate to NSC. Further answering, NSC has no knowledge that Huntington Ingalls Industries, Inc., d/b/a Huntington Ingalls Incorporated ("HII") engaged in any of the conduct giving rise to the allegations against HII but leaves HII, represented separately by counsel, to answer the allegations as they relate specifically to HII. NSC denies all remaining allegations set forth in the Nature of the Action paragraph of the Complaint.

1

## JURISDICTION AND VENUE

1.     Answering Paragraph 1 of the Complaint, NSC admits the allegations set forth therein.  Further answering, NSC denies that it engaged in any unlawful conduct and denies that Plaintiff can maintain its claims as a matter of law.

2.     Answering Paragraph 2 of the Complaint, NSC denies the allegations set forth therein.  Further answering, NSC denies that it engaged in any unlawful conduct and denies that Plaintiff can maintain its claims as a matter of law.

## PARTIES

3.     Answering Paragraph 3 of the Complaint, NSC admits the allegations set forth therein.  Further answering, NSC denies that Plaintiff can maintain its claims as a matter of law.

4.     Answering Paragraph 4 of the Complaint, NSC admits the allegations set forth therein.

5.     Answering Paragraph 5 of the Complaint, NSC lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and, therefore, denies the same.

6.     Answering Paragraph 6 of the Complaint, NSC admits the allegations set forth therein as they relate to NSC.  Further answering, NSC lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted against HII and, therefore, denies the same.

## ADMINISTRATIVE PROCEDURES

7.     Answering Paragraph 7 of the Complaint, NSC admits the allegations set forth therein.

8.     Answering Paragraph 8 of the Complaint, NSC admits the allegations set forth therein except that NSC denies there has been any violation of Title VII or unlawful employment practices.

9. Answering Paragraph 9 of the Complaint, NSC admits that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the parties. Further answering, NSC admits that the Commission communicated with Defendants to discuss conciliation. NSC denies all remaining allegations set forth in Paragraph 9 of the Complaint.

10. Answering Paragraph 10 of the Complaint, NSC admits the allegations set forth therein.

11. Answering Paragraph 11 of the Complaint, NSC admits the allegations set forth therein.

12. Answering Paragraph 12 of the Complaint, NSC lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted therein and, therefore, denies the same.

## STATEMENT OF CLAIMS

13. Answering Paragraph 13 of the Complaint, NSC denies the allegations as they relate to NSC. Further answering, NSC has no knowledge that HII engaged in such unlawful employment practices or violation of the statutes referenced therein but leaves HII, represented separately by counsel, to answer the allegations as they relate specifically to HII. NSC denies all remaining allegations set forth in Paragraph 13 of the Complaint.

14. Answering Paragraph 14 of the Complaint, NSC denies the allegations as they relate to NSC. Further answering, NSC has no knowledge that HII subjected Charging Parties or any other employee to severe, pervasive, unwanted, humiliating, degrading and offensive sexual conduct, including sexual assault, while they were employed by NSC and/or HII but leaves HII, represented separately by counsel, to answer the allegations as they relate specifically to HII. NSC denies all remaining allegations set forth in Paragraph 14 of the Complaint.

15. Answering Paragraph 15 of the Complaint, NSC admits that Patrick Dingle ("Dingle") was a supervisor employed by HII, and that, based upon information and belief, Dingle was a Superintendent on a ship identified as National security Cutter 7 where Charging Parties were assigned to work on a cleaning crew. Further answering, NSC denies all allegations set forth in Paragraph 15 as they relate to "the Class." As it relates to the allegations of unlawful sexual harassment allegedly perpetrated by Dingle, NSC avers that Charging Parties refused to participate in any investigation conducted by NSC. Accordingly, NSC lacks knowledge or information sufficient to form a belief as to the truth of the allegation and, therefore, denies the same.

16. Answering Paragraph 16 of the Complaint, NSC avers that Charging Parties refused to participate in any investigation conducted by NSC. Accordingly, NSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16, and subparts (a) – (h), (k), (m), (q) – (s), and, therefore, denies the same. As it relates to the remaining subparts, NSC responds as follows:

i. NSC denies that it was aware of Dingle's alleged sexual misconduct, if any, toward any employee and that it did nothing to stop sexual misconduct from occurring. NSC further denies that Dingle's alleged conduct was open and pervasive and well-known to NSC. Further answering, NSC avers that Charging Parties refused to participate in any investigation conducted by NSC. Accordingly, NSC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16, subpart (i) and, therefore, denies the same.

j. Answering Paragraph 16, subpart (j) of the Complaint, NSC denies that Willis was a supervisor. NSC admits that Willis was hired by NSC and was assigned, at times, as a lead cleaning crew member and, at other times, as a laborer or cleaner as directed by the client. Further answering, NSC avers that Charging Parties refused to participate in any investigation conducted

by NSC. Accordingly, NSC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16, subpart (j) and, therefore, denies the same.

      l.      Answering Paragraph 16, subpart (l) of the Complaint, NSC denies the allegations set forth therein.

      n.      Answering Paragraph 16, subpart (n) of the Complaint, NSC denies that NSC unlawfully retaliated against Sellers for any reason. Further answering, NSC avers that Charging Parties refused to participate in any investigation conducted by NSC. Accordingly, NSC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16, subpart (n) and, therefore, denies the same.

      o.      Answering Paragraph 16, subpart (o) of the Complaint, NSC admits that Sellers contacted NSC Recruiter Alexandria Rucker ("Rucker") on or around April 6, 2018, and claimed she was harassed by Dingle. Further answering, NSC denies the remaining allegations set forth in Paragraph 16, subpart (o).

      p.      Answering Paragraph 16, subpart (p) of the Complaint, NSC denies that NSC would not protect Sellers or any other employee. Further answering, NSC avers that Charging Parties refused to participate in any investigation conducted by NSC. Accordingly, NSC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16, subpart (p) and, therefore, denies the same.

      17.      Answering Paragraph 17 of the Complaint, NSC lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted as they relate to HII and, therefore, denies the same. Further answering, NSC avers that Sellers failed to return NSC's calls but that Sellers remains on NSC's roster for employment. NSC denies the remaining allegations set forth in Paragraph 17.

18. Answering Paragraph 18 of the Complaint, NSC avers that Charging Parties refused to participate in any investigation conducted by NSC. Accordingly, NSC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 and, therefore, denies the same.

19. Answering Paragraph 19 of the Complaint, NSC denies that Willis was Charging Parties immediate supervisor and further denies the remaining allegations set forth therein.

20. Answering Paragraph 20 of the Complaint, NSC denies the allegations set forth therein.

21. Answering Paragraph 21 of the Complaint, NSC denies the allegations set forth therein.

22. Answering Paragraph 22 of the Complaint, NSC denies the allegations set forth therein.

23. Answering Paragraph 23 of the Complaint, NSC lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and, therefore, denies the same.

24. Answering Paragraph 24 of the Complaint, NSC denies the allegations set forth therein.

25. Answering Paragraph 25 of the Complaint, NSC denies the allegations set forth therein.

26. Answering Paragraph 26 of the Complaint, NSC denies the allegations set forth therein.

25 (2). Answering the misnumbered second Paragraph 25 of the Complaint, NSC denies the allegations set forth therein.

26 (2). Answering the misnumbered second Paragraph 26 of the Complaint, NSC denies the allegations set forth therein.

NSC denies all allegations set forth within the Complaint not expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses to the Complaint, NSC states as follows:

1. To the extent that Charging Parties and any potential class members have not made reasonable efforts to find other employment, they have not met their affirmative obligation to mitigate their damages.

2. Plaintiff's claims are barred because all employment decisions made with regard to Charging Parties and the potential class members were, at all times, motivated by legitimate, non-discriminatory, and lawful factors, and NSC at no time acted in an unlawful manner in connection with any decision regarding Charging Parties and potential class members.

3. To the extent that any alleged discrimination, harassment or retaliation was a motivating factor in any action taken with respect to Charing Parties and any potential class members, the same action would have been taken in the absence of such motivating factor.

4. Plaintiff's claims may be barred and/or limited because of after-acquired evidence.

5. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

6. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, equitable estoppel and judicial estoppel.

7. Plaintiff's claims are barred, in whole or in part, because of the Charting Parties' and potential class members' own actions and/or inactions.

8.      Plaintiff's claims are barred, in whole or in part, because the alleged injuries and damages sustained by the Charging Parties and potential class members may have been caused or contributed to by third parties for whom NSC is not responsible.

9.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and for failure to exhaust all administrative remedies to the extent that Charing Parties' and any potential class members' claims exceed the scope of, or are inconsistent with, the Charges filed by Charging Parties with Plaintiff.

10.     NSC denies the allegations set forth in Plaintiff's Complaint and deny that it engaged in any unlawful conduct.  However, NSC affirmatively pleads that to the extent Plaintiff has alleged any unlawful conduct by it, Plaintiff's claims are barred, in whole or in part, because NSC has in place anti-discrimination policies, NSC exercised reasonable care to prevent and promptly correct any alleged unlawful behavior, and the Charging Parties and potential class members unreasonably failed to take advantage of preventive or corrective opportunities.

11.     Plaintiff's claim for punitive damages is barred because any action or inaction taken with respect to Charging Parties and any potential class members was taken in good faith and was not willful, intentional, or done with reckless disregard for Charging Parties' and any potential class members' rights, if any, under any federal, state, or common law.

12.     Plaintiff's claim for punitive damages is barred to the extent such damages violate the United States Constitution and any state Constitution.

13.     NSC incorporates by reference all affirmative defenses raised by Huntington Ingalls Incorporated in its respective answer to the Complaint.

14.     NSC reserves the right to assert additional defenses not presently known but which become apparent during the course of investigation or discovery.

WHEREFORE, having fully answered, NSC respectfully requests that Plaintiff's Complaint be dismissed in its entirety, that NSC be awarded its costs and attorneys' fees incurred in defending this action, and for other and further relief as this Court deems just and appropriate.

Respectfully submitted, this the 21st day of January, 2022.

        Respectfully submitted,
        NSC TECHNOLOGIES, LLC,
        Defendant

        By Its Attorneys,
        BUTLER SNOW LLP

        */s/ Robin Banck Taylor*
        ROBIN BANCK TAYLOR (MS Bar No. 100195)

OF COUNSEL:

Robin Banck Taylor (MS Bar No. 100195)
Robin.Taylor@butlersnow.com
BUTLER SNOW LLP
MAILING:  Post Office Box 6010
Ridgeland, Mississippi 39158-6010
PHYSICAL:  1020 Highland Colony Parkway
SUITE 1400 (39157)
Telephone: (601) 985-4496
Facsimile:  (601) 985-4500

## JURY DEMAND

Defendant NSC Technologies, LLC demands a jury on all issues so triable.

        NSC TECHNOLOGIES, LLC,
        Defendant

        By Its Attorneys,
        BUTLER SNOW LLP

        */s/ Robin Banck Taylor*
        ROBIN BANCK TAYLOR (MS Bar No. 100195)

## **CERTIFICATE OF SERVICE**

      I, Robin Banck Taylor, hereby certify that on this date I electronically filed the above and foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all parties of record.

      This the 21st day of January, 2022.

                                          */s/ Robin Banck Taylor*
                                          ROBIN BANCK TAYLOR