# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:22-cv-00002-HSO-RHWR |
| ) | |
| HUNTINGTON INGALLS INDUSTRIES, INC.; ) | |
| HUNTINGTON INGALLS INCORPORATED; ) | |
| AND NSC TECHNOLOGIES, LLC ) | |
| ) | |
| Defendants. ) | |

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S MEMORANDUM BRIEF IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO HUNTINGTON INGALLS INDUSTRIES, INC.'S MOTION TO DISMSS**

Victoria Sellers and Shontell Coleman were sexually harassed and assaulted while working at Huntington Ingalls' shipyard in Pascagoula, Mississippi by a supervisor employed by Huntington Ingalls. The women told the supervisor that his conduct was unwelcome, complained about his conduct to other supervisors employed by Defendants, and reported his conduct to a hotline maintained by Huntington Ingalls. After the women voiced their opposition to the sexual harassment to which they were subjected, Defendants terminated Ms. Sellers' employment. As for Ms. Coleman, the Huntington Ingalls supervisor who had been harassing her threatened her life, telling her that she would lose her life if he lost his job. Both women quickly understood that Huntington Ingalls was unwilling to provide them a workplace free from sexual harassment and unlawful retaliation.

The women turned to the U.S. Equal Employment Opportunity Commission (the "Commission"), the federal government agency charged with enforcing our country's laws against workplace discrimination. Ms. Sellers and Ms. Coleman filed with the Commission charges of discrimination and retaliation against Defendants. The women's charges specifically named Defendant Huntington Ingalls Industries, Inc. ("Industries") as an employer that had violated their rights under federal law. The Commission conducted an administrative investigation and ultimately determined that Industries had indeed discriminated and retaliated against the women in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §2000e *et seq.* ("Title VII"). The Commission attempted to conciliate the women's charges with Industries, seeking an agreement with Industries that would have furthered the Commission's mission to "prevent and remedy unlawful employment discrimination" without the need for litigation. However, the Commission was unable to secure such an agreement from Industries. Therefore, the Commission filed this litigation in the public interest in furtherance of its mandated mission.

Industries now seeks to escape the consequences of its unlawful conduct through a motion to dismiss, arguing that the Commission has named "the wrong entity" and that this Court lacks personal jurisdiction over the company. Of course, it is not uncommon for a lawbreaker to plead that law enforcement has charged the "wrong" person. That claim has no merit here. The Commission has sufficiently pleaded against Industries claims upon which relief can be granted, and Industries cannot wriggle away from its responsibility to answer for the Commission's claims at this early stage of the proceedings.

Nor is Industries' objection to this Court's personal jurisdiction of any greater merit. Indeed, Industries consented to this Court's personal jurisdiction when it demanded and agreed

that this action should be transferred from another judicial district to this Court. Even if Industries had not so consented, Industries is at home in Mississippi and subject to this Court's exercise of general jurisdiction. Alternatively, Industries is subject to the specific jurisdiction of this Court for the actions alleged in this suit. Finally, Industries' motion has been mooted by the Commission's amendment of its complaint. Therefore, the Commission respectfully submits that the Court should deny Industries' motion in its entirety.

### I. Industries' Motion to Dismiss the Original Complaint Was Mooted by the Commission's Filing of an Amended Complaint.

Industries' motion to dismiss the Commission's initial complaint is moot, because that complaint is no longer the operative complaint. The Commission has since filed a First Amended Complaint ("FAC") pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. (ECF No. 22.) The filing of an amended complaint typically moots any pending motion to dismiss the earlier complaint. *See Merritt v. Fogel*, 349 F. App'x 742, 745 (3d Cir. 2009) (noting that "the filing of [an] amended complaint. . . . would have rendered moot defendants' motion to dismiss"); *Pure Country, Inc. v. Sigma Chi* Fraternity, 312 F.3d 952, 956 (8th Cir. 2002) (finding that a "motion to amend the complaint rendered moot [defendant]'s motion to dismiss the original complaint"); *Ultravision Techs., LLC v. Eaton Corp. PLC*, No. 2:19-CV-00290-JRG, 2019 WL 11250161, at *1 (E.D. Tex. Nov. 8, 2019) ("[T]he filing of an amended complaint moots a motion to dismiss the original complaint."); s*ee also Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) (recognizing "the general rule that an amended complaint ordinarily supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.") As such, this Court may deny Industries' motion to dismiss as moot.

## II.   <u>Industries is Properly Named in this Action as an Employer Liable under Title VII.</u>

Industries bids this Court to dismiss the Commission's complaint for failing to state a claim under Rule 12(b)(6), pleading that it is "the wrong entity" and "not a proper defendant." The Fifth Circuit has directed that a court considering a motion under Rule 12(b)(6) must "accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation and internal quotation marks omitted). A plaintiff need only show that its allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Moreover, "any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

In ascertaining the facts relevant on a Rule 12(b)(6) motion, a court's "inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken." *Id.* The court may also consider documents attached to a motion to dismiss "that are referred to in the complaint and are central to the plaintiff's claims." *Id.* Here, it "would be improper under Fifth Circuit law" to consider the declarations that Industries attached to its motion to dismiss, as they are not central to the Commission's claims but, in fact, fall well "outside of the four corners of the complaint." *Blue Yonder Grp., Inc. v. Kinaxis Inc.*, No. 3:20-CV-03636-K, 2021 WL 2698437, at *1 (N.D. Tex. May 17, 2021); *see also VeroBlue Farms USA, Inc. v. Wulf*, 465 F. Supp. 3d 633, 650 (N.D. Tex. 2020) ("[T]he Court must limit its inquiry to the complaint, the complaint's attachments, and documents referred to in the complaint that are central to the complaint's claims. [The] affidavit is not among those materials.").

Indeed, not one of the documents that Industries attached to its motion meets the Fifth Circuit's standards for consideration on such a motion, so this Court's inquiry should be limited to the facts alleged in the FAC, viewed in the light most favorable to the Commission.

The FAC more than adequately alleges that Industries is a proper defendant, since Industries employed the victims, the harasser, and other relevant persons involved in the claims alleged. Industries employed these persons either directly or through an integrated enterprise with its wholly owned subsidiary, Huntington Ingalls Incorporated ("Incorporated"), which Industries concedes is a proper defendant. Title VII prohibits discriminatory employment practices by "an employer" and, as relevant here, defines the term "employer" to mean "a person engaged in an industry affecting commerce . . . and any agent of such person." 42 U.S.C. §§ 2000e(b); 2000e-2(a). The Fifth Circuit has instructed that this term is to be "liberally construed." *Trevino v. Celanese Corp.*, 701 F.2d 397, 403 (5th Cir. 1983).

The Fifth Circuit has adopted multiple doctrines to aid in determining whether more than one entity can be held liable as an individual plaintiff's "employer" under Title VII. These doctrines include the joint employer, integrated enterprise (or single employer), and agency theories. Under the integrated-enterprise theory, "superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer." *Trevino*, 701 F.2d at 404. In making that determination, the Fifth Circuit considers the following factors: "(1) interrelation of operations,[1] (2) centralized control of labor relations, (3) common

---

1 "Evidence suggestive of interrelated operations includes (1) one entity's involvement in the other's daily decisions relating to production, distribution, marketing, and advertising; (2) shared employees, services,

5

management, and (4) common ownership or financial control." *Id.* "The second factor, centralized control of labor relations, 'has been called the most important one.'" *Perry v. VHS San Antonio Partners, L.L.C.,* 990 F.3d 918, 927 (5th Cir. 2021) (quoting *Johnson v. Crown Enters., Inc.*, 398 F.3d 339, 343 (5th Cir. 2005)). However, "no single factor is dispositive of the integrated-enterprise analysis." *Id.* at 928 (citing EEOC Compliance Manual § 2-III(B)(1)(a)(iii)(a)).

The FAC makes particularized allegations as to all four factors, sufficiently alleging that Industries and Incorporated operate as an integrated enterprise. Industries brands its operations at the Pascagoula shipyard as "Ingalls Shipbuilding," which it invariably describes as "a division of Huntington Ingalls Industries." The FAC alleges that Industries and Incorporated share common management, in that the same persons serve as President and CEO, Secretary, and Treasurer of both entities. Moreover, the FAC alleges that the President of Ingalls Shipbuilding is also an Executive Vice President of Industries. The FAC also alleges that the two entities share common ownership because Incorporated is a wholly owned subsidiary of Industries.

Perhaps conceding the existence of "evidence establishing common management and ownership," Industries cites a case that notes that "these factors alone are insufficient to establish single employer status." *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 778–79 (5th Cir. 1997). However, unlike in *Lusk*, the FAC does not rely on these two factors standing alone. The FAC also alleges facts that establish the applicability of the remaining two factors: interrelation of operations and centralized control of labor relations.

---

records, and equipment; (3) commingled bank accounts, accounts receivable, inventories, and credit lines; (4) one entity's maintenance of the other's books; (5) one entity's issuance of the other's paychecks; and (6) one entity's preparation and filing of the other's tax returns." *Perry v. VHS San Antonio Partners, L.L.C.,* 990 F.3d 918, 927 (5th Cir. 2021).

Indeed, the FAC alleges that the two entities' operations are interrelated because, *inter alia*, Industries is involved in daily decisions about Incorporated's production, marketing, and advertising; Industries oversees, coordinates, and manages Incorporated's bidding on government shipbuilding contracts; Industries advertises ships built at the Pascagoula shipyard as having been built by Industries; the entities share employees and records; the entities commingle inventories; Industries prepares Incorporated's financial statements; and Industries prepares Incorporated's tax returns.

The FAC also alleges that the entities share a centralized control of labor relations because, *inter alia*, Industries recruits and hires persons to work at the Pascagoula shipyard; Industries determines compensation and benefits for employees of Industries and Incorporated; Industries sponsors the retirement plans, health insurance coverage, and life insurance benefits for employees at the Pascagoula shipyard; Industries pays disability benefits for persons directly employed by Industries or Incorporated who are injured at work; Industries operates a scholarship fund for dependent children of persons directly employed by Industries or Incorporated; Industries operates medical centers that provide healthcare services to persons directly employed by Industries or Incorporated; Industries develops and enforces a Code of Ethics and Business Conduct that it applies to persons directly employed by Industries or Incorporated; Industries and Incorporated instruct persons directly employed by both entities to contact a single "Employee Information Phone Line" for operational updates; Industries and Incorporated instruct persons directly employed by both entities to report ethics concerns, including suspected violations of workplace discrimination laws, to a single hotline maintained by Industries; and Industries negotiates the collective bargaining agreements that apply to persons employed at the Pascagoula shipyard.

These allegations and others within the FAC are more than enough to survive a Rule 12(b)(6) motion to dismiss, as they plausibly plead that Industries is an employer properly named in the Commission's suit. As discussed above, a court considering a motion to dismiss must accept a complaint's allegations as true, view them in the light most favorable to the plaintiff, and resolve ambiguities in the plaintiff's favor. It would be improper to dismiss Industries from this action upon a finding that the Commission has not plausibly pleaded an integrated enterprise. Indeed, "[w]hether two employers are engaged in an integrated enterprise for purposes of Title VII is a fact intensive determination" necessarily ill-suited for resolution through a motion to dismiss in advance of any discovery. *Vance v. Union Platers Corp.*, 279 F.3d 295, 297 (5th Cir. 2002) (rejecting application of the integrated-enterprise theory to the facts presented through a jury trial); *Britt v. Miss. Farm Bureau Cas. Ins. Co.*, No. 1:17CV219-NBB-DAS, 2019 WL 1370865 (N.D. Miss. Mar. 26, 2019) (denying motion to dismiss Title VII claims because plaintiff had adequately pleaded an integrated-enterprise theory of liability); *Metrolis v. Mugshots Tupelo, LLC*, No. 1:16-CV-109-SA-DAS, 2016 WL 6952121 (N.D. Miss. Nov. 28, 2016) (same); *Gobert V. Saitech, Inc.*, No. 1:09CV673 LG-RHW, 2010 WL 1529354, at *2 (S.D. Miss. Apr. 14, 2010) (same). If Industries wishes to demonstrate that it is not an integrated enterprise, it must do so through a motion for summary judgment supported by competent, undisputed evidence. *See Perry*, 990 F.3d 918, 927–28 (affirming finding on summary judgment that evidence did not show an integrated enterprise); *Tipton v. Northrup Grumman Corp.*, 242 F. App'x 187, 190 (5th Cir. 2007) (same); *Lusk*, 129 F.3d at 778–79 (same); *Trevino*, 701 F.2d 937, 405 (reversing summary judgment where complaint "plainly alleges" that two entities "are either joint employer or an integrated business enterprise"). The Court should reject Industries' contention that the Commission has not properly

pled it to be a proper defendant in this action and thereby deny its motion to dismiss for failure to state a claim.

pled it to be a proper defendant in this action and thereby deny its motion to dismiss for failure to state a claim.

### III. This Court Has Personal Jurisdiction over Industries.

This Court may exercise personal jurisdiction over Industries, because Industries consented to such jurisdiction when it agreed that this action should be transferred to this Court. Industries is also at home in Mississippi and subject to general jurisdiction here. Alternatively, Industries is subject to the specific jurisdiction for the actions alleged in this suit, both directly and indirectly through its alter ego, Incorporated.

Industries consented to this Court's exercise of personal jurisdiction over it by demanding and agreeing to a transfer to this Court. When the Commission initially filed this suit in the U.S. District Court for the Southern District of Alabama, Industries objected and demanded that the action be transferred to this Court. The Commission agreed to do so in the interest of advancing the litigation, pursuant to a stipulation joined by Industries. Industries "agreed that the Southern District of Mississippi would be a convenient venue for the Parties" and stipulated that this action "should be . . . transferred to the United States District Court for the Southern District of Mississippi for further proceedings, pursuant to 28 U.S.C. § 1404." (ECF No. 12.) Courts have recognized that a defendant's consent to a transfer pursuant to that statute "impliedly waives any argument that the transferee district does not have personal jurisdiction over the defendant." *ECB USA, Inc. v. Savencia, S.A.*, No. CV 19-731-RGA, 2020 WL 5369076, at *2 (D. Del. Sept. 8, 2020); *see also Viking Techs., LLC v. Assurant, Inc.*, No. 2:20-CV-00357-JRG, 2021 WL 3520756, at *2 (E.D. Tex. June 21, 2021) ("Defendants, in bringing a motion to transfer under § 1404(a), necessarily and implicitly consent to personal jurisdiction and venue in the transferee forum.");

9

*Lockett v. Pinnacle Ent., Inc.*, No. 19-00358-CV-W-GAF, 2019 WL 4296492, at *6 (W.D. Mo. Sept. 10, 2019) (finding that "consent to a transferee court equals consent to both venue and personal jurisdiction in that transferee court"). Industries has therefore waived any objection to this Court's exercise of personal jurisdiction over it. *See Savencia*, 2020 WL 5369076, at *2 ("Any other interpretation could result in a 'vicious cycle of litigation' where defendants delay reaching the merits of the case, and waste limited judicial resources, by repeatedly consenting to a transfer and then obtaining a dismissal based on lack of personal jurisdiction." (quoting *Lockett*, 2019 WL 4296492, at *7)).

Even if Industries had not consented to personal jurisdiction, it is subject to both general and specific jurisdiction before this Court for this action. In deciding a Rule 12(b)(2) motion to dismiss that asserts a lack of personal jurisdiction, "the district court must accept as true the uncontroverted allegations in the complaint and resolve in favor of the complainant any factual conflicts posed by the affidavits" or conduct an evidentiary hearing. *Trinity Indus., Inc. v. Myers & Assocs., Ltd.*, 41 F.3d 229, 230 (5th Cir. 1995). In the absence of an evidentiary hearing, a "plaintiff may bear his burden by presenting a prima facie case that personal jurisdiction is proper." *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).

Industries is subject to general jurisdiction in Mississippi because it is "at home" in the state. General jurisdiction exists when a defendant's contacts with a state "are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Industries is at home in Mississippi because the Ingalls Shipbuilding facility in Pascagoula occupies 800 acres of Mississippi real estate and hosts 11,500 employees, rendering

the company one of the largest employers in the state. Although Industries has withdrawn its formal registration to do business in Mississippi, it still conducts substantial business in the state and was so registered when the company deprived Ms. Sellers and Ms. Coleman of their right to a workplace free of sexual harassment. *See Read v. Sonat Offshore Drilling, Inc.*, 515 So. 2d 1229, 1231 (Miss. 1987) ("[I]f a foreign corporation is qualified to do business in the State of Mississippi, even though it may not be doing any business, its agent for process may be served, and the courts have personal jurisdiction of that corporation."). Because Industries was registered to do business in Mississippi and does business in the state as though it were "at home," this Court may exercise general jurisdiction over it. *See Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 182 (5th Cir. 1992) (rejecting the proposition that "registration to do business within the state, *without more*, suffices to satisfy the criteria for the exercise of general jurisdiction." (emphasis added)); *Beyond Cap. Fin. Mgmt. Grp. Inc. v. Byline Bank*, No. 3:20-CV-402-HTW-LGI, 2021 WL 4394265, at *9 (S.D. Miss. Sept. 24, 2021) ("[A] corporation qualified to do business in Mississippi with a Mississippi agent of service, is a resident corporation for purposes of litigation. [Defendant] is registered with the Mississippi Secretary of State, is doing business in the State of Mississippi, and has been found to be subject to this court's personal jurisdiction."). Industries is at home in Mississippi and this Court may exercise general jurisdiction over it.

Alternatively, this Court may exercise specific jurisdiction over Industries for this action. An exercise of specific jurisdiction requires that "'the *suit*' must 'arise out of or relate to the defendant's contacts with the *forum*' state." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*, 137 S. Ct. 1773, 1780 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (brackets omitted)). Specific jurisdiction over a defendant "may arise incident to the commission

of a single act directed at the forum" state. *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990). As the FAC alleges, this action arises out of a series of substantial actions that Industries directed at Mississippi through its management of the Ingalls Shipbuilding facility in Pascagoula, including recruiting and hiring employees, setting compensation and benefits for employees, establishing and enforcing personnel policies, receiving and investigating reports of sexual harassment, and causing the termination of Ms. Sellers' employment after she made a report of sexual harassment to Industries. In undertaking these actions directed at Mississippi, Industries has purposely availed itself of the state and invited this Court to exercise personal jurisdiction over it for the purposes of this litigation.

This Court may also exercise specific jurisdiction because this suit arises from substantial actions undertaken by Industries' alter ego, Incorporated. In determining "whether a parent company can be held amenable to personal jurisdiction because of the acts of a subsidiary," a court should consider

> (1) amount of stock owned by the parent of the subsidiary; (2) did the two corporations have separate headquarters; (3) did they have common officers and directors; (4) did they observe corporate formalities; (5) did they maintain separate accounting systems; (6) did the parent exercise complete authority over general policy; (7) did the subsidiary exercise complete authority over daily operations.

*Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338–39 (5th Cir. 1999) (citing *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir.1983)). Here, as discussed above in the Commission's demonstration of an integrated enterprise between Industries and Incorporated, Industries wholly owns Incorporated, the two entities share a headquarters, the two entities share common officers and directors, Industries conducts many of Incorporated's accounting functions, Industries exercises complete authority over the employment policies relevant to this litigation,

and Industries exercises considerable authority over the daily operations relevant to this suit. Incorporated is an alter ego of Industries, and Industries has conceded that Incorporated may be called to answer for the Commission's claims. Therefore, this Court may also exercise specific jurisdiction over Industries for this suit.

The Court should find that it has personal jurisdiction over Industries, because Industries consented to the Court's jurisdiction, because Industries is "at home" in Mississippi such that it is subject to general jurisdiction, because Industries engaged in substantial actions directed at Mississippi that led to this lawsuit, and because Industries' alter ego engaged in substantial actions directed at Mississippi that led to this lawsuit. The Court should therefore deny Industries' Rule 12(b)(2) motion on the pleadings. Alternatively, the Court could conduct an evidentiary hearing following a period of jurisdictional discovery, though doing so might contradict Rule 1's admonition "to secure the just, speedy, and inexpensive determination of every action." That is especially true here, when the Commission has acceded to Industries' demands that this action should be transferred to this Court and that Incorporated should be named as a defendant. The Commission agreed to Industries' demands so that the parties and the Court could proceed to determining the merits of the Commission's claims. After having demanded this forum, Industries should not now be permitted to further delay the litigation by objecting to the Court's jurisdiction.

## **CONCLUSION**

For the foregoing reasons, the Commission respectfully requests that Defendant's motion be denied in its entirety.

Respectfully submitted,

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Office of the General Counsel<br>131 M Street NE, Fifth Floor<br>Washington, DC  20507 | Christopher Lage<br>Deputy General Counsel |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Birmingham District Office<br>Ridge Park Place, Suite 2000<br>1130 22nd Street South<br>Birmingham, Alabama  35205 | Marsha L. Rucker<br>PA Bar No. 90041<br>Regional Attorney<br>marsha.rucker@eeoc.gov<br>(205) 651-7045<br><br>Gerald L. Miller<br>AL Bar No. asb-1454-E52G<br>Supervisory Trial Attorney<br>gerald.miller@eeoc.gov<br>(205) 651-7026<br><br>Gina E. Pearson<br>AL Bar No. asb-3971-h61g<br>Trial Attorney<br>gina.pearson@eeoc.gov<br>(205) 651-7049 |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Mobile Local Office<br>63 South Royal Street, Suite 504<br>Mobile, AL  36602 | /s/ Trent Thompson<br>Wm. Trent Thompson<br>NY Bar No. 5232525<br>Trial Attorney<br>william.thompson@eeoc.gov<br>(205) 651-7065 |

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was filed electronically on February 3, 2022. Notice of this filing will be sent by operation of the Court's electronic filing systems to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ *Trent Thompson*
Wm. Trent Thompson
