IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION                                                         PLAINTIFF

VS.                                              CIVIL ACTION NO. 1:22-CV-2-HSO-RHWR

HUNTINGTON INGALLS INDUSTRIES, INC.;
HUNTINGTON INGALLS INCORPORATED;
and NSC TECHNOLOGIES, LLC                                                    DEFENDANTS

**HUNTINGTON INGALLS INDUSTRIES, INC.'S REPLY
IN SUPPORT OF MOTION TO DISMISS**

The EEOC's response accuses Defendant Huntington Ingalls Industries, Inc. (Industries) of attempting to "escape the consequences of its unlawful conduct through a motion to dismiss" and trying to "wriggle away from its responsibility to answer for the Commission's claims at this early stage of the proceedings." (Resp. at 2) The Commission even equates Industries to a criminal, asserting that "it is not uncommon for a lawbreaker to plead that law enforcement has charged the 'wrong' person." *Id*.

None of this is true. The motion filed by Industries is nothing more than an attempt to ensure that the correct Huntington Ingalls entity is named as a defendant in the case. On December 15, 2021, Industries' counsel provided the EEOC the publicly available information necessary to name the correct defendant—Huntington Ingalls Incorporated (Incorporated), which owns the shipyard and employs those who work there. (Ex. 1 to Motion) Counsel also offered to agree to waive service on Incorporated if the EEOC would amend its complaint to substitute Incorporated for Industries and transfer the action to this Court. When the EEOC asked for more evidence that Incorporated was the correct defendant, counsel provided it on January 12 and

responded to the EEOC's follow-up questions the next day. The EEOC then waited until two days before Industries' response to the complaint was due to inform Industries that it was not satisfied: "You undertook a heavy burden in seeking to convince the Commission of the propriety of such a substitution, and you have not made a satisfactory showing." (*Id.* at 1/19/22 Thompson Email) Industries thus filed a motion to dismiss the action in which it offered to substitute Incorporated for Industries.

Offering to substitute the proper defendant for the improper defendant is not an attempt to avoid responsibility. Indeed, the offer to waive service for Incorporated in December if the EEOC would amend its complaint, as it has now done, makes clear that the EEOC's allegations are not valid. The First Amended Complaint adds Incorporated as a defendant but does not delete Industries. (Doc. 22)

The EEOC also claims in its response that Industries has unnecessarily delayed this action. (Resp. at 13) The EEOC cautions the Court that permitting discovery into the existence of jurisdiction over Industries "might contradict Rule 1's admonition 'to secure the just, speedy, and inexpensive determination of every action.'" *Id*. The EEOC's purported concern about a speedy resolution for the charging parties is new. The two charging parties filed their charges with the Commission on August 2, 2018, more than three and a half years ago. Over 1,000 days passed before the EEOC issued a determination on May 11, 2021. After conciliation failed, the EEOC did not promptly file suit but instead waited until September 30, 2021—the last day of its fiscal year—to file its Complaint. (Doc. 1) And not only did it sue the wrong defendant in the wrong court, it waited to attempt to serve that defendant until December 16, 77 days after filing suit. If the EEOC had been concerned about securing a speedy determination of this dispute when the charges were filed more than 42 months ago, the case would have been over by now.

The time will come to contest the EEOC's allegations that Industries does business in Mississippi and employed those involved in this dispute, but now is not that time. Industries agrees that the EEOC's filing of its First Amended Complaint makes Industries' motion moot and that it should be denied for that reason. Industries and Incorporated will thus each file an answer to the First Amended Complaint. To be clear, though, Industries continues to object to personal jurisdiction and to the EEOC's allegation that it was the employer of the charging parties or the alleged harasser.

Dated:  February 10, 2022.

          Respectfully submitted,

          HUNTINGTON INGALLS INDUSTRIES, INC.

          By its attorneys,

          WATKINS & EAGER, PLLC

          By: s/Adam Gates
              Adam Gates

Brooks Eason (MSB No. 5286)
Adam H. Gates (MSB No. 102305)
WATKINS & EAGER, PLLC
Mailing:  Post Office Box 650
Jackson, Mississippi  39205-0650
Physical:  The Emporium Building
400 East Capital Street
Jackson, Mississippi  39201
Telephone*:*  (601) 965-1900
beason@watkinseager.com
agates@watkinseager.com

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was served through the Court's ECF filing system to all counsel of record.

Dated: February 10, 2022.

                                                  s/Adam Gates
                                                 Adam Gates