IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 1:22-cv-00002-HSO-RHWR |
| v. | : | |
| | : | |
| NSC Technologies, LLC., et al. | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT NSC TECHNOLOGIES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT WITH JURY DEMAND ENDORSED HEREON**

Defendant NSC Technologies, LLC ("NSC"), by and through its counsel, in answer to Plaintiff Equal Employment Opportunity Commission's ("Plaintiff") First Amended Complaint, admits, denies and alleges as follows:

**NATURE OF THE ACTION**

Answering the statements set forth in the Nature of the Action paragraph, NSC admits that Plaintiff purports to bring this action under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §2000e *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a. NSC denies all remaining allegations set forth in the Nature of the Action paragraph as they relate to NSC. Further answering, NSC has no knowledge that Huntington Ingalls Industries, Inc. ("Industries") and/or Huntington Ingalls Incorporated ("Incorporated") (Industries and Incorporated collectively referred to herein as "HII") engaged in any of the conduct giving rise to the allegations against HII but leaves HII, represented separately by counsel, to answer the allegations as they relate specifically to HII. NSC denies all remaining allegations set forth in the Nature of the Action paragraph of the Amended Complaint.

1

## JURISDICTION AND VENUE

1. Answering Paragraph 1 of the Amended Complaint, NSC admits the allegations set forth therein. Further answering, NSC denies that it engaged in any unlawful conduct and denies that Plaintiff can maintain its claims as a matter of law.

2. Answering Paragraph 2 of the Amended Complaint, NSC admits that the employment practices alleged to be unlawful were committed within the jurisdiction of the Southern Division of the United States District Court of the Southern District of Mississippi and denies remaining allegations set forth therein. Further answering, NSC denies that it engaged in any unlawful conduct and denies that Plaintiff can maintain its claims as a matter of law.

## PARTIES

3. Answering Paragraph 3 of the Amended Complaint, NSC admits the allegations set forth therein. Further answering, NSC denies that Plaintiff can maintain its claims as a matter of law.

4. Answering Paragraph 4 of the Amended Complaint, NSC admits the allegations set forth therein.

5. Answering Paragraph 5 of the Amended Complaint, NSC avers that the allegations set forth therein do not relate to NSC and, therefore, require no response from NSC.

6. Answering Paragraph 6 of the Amended Complaint, NSC avers that the allegations set forth therein do not relate to NSC and, therefore, require no response from NSC.

7. Answering Paragraph 7 of the Amended Complaint, NSC admits the allegations set forth therein as they relate to NSC. Further answering, NSC lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted against HII and, therefore, denies the same.

4884-4077-3639.5
63317838.v1

8. Answering Paragraph 8 of the Amended Complaint, NSC avers that the allegations set forth therein do not relate to NSC and, therefore, require no response from NSC.

9. Answering Paragraph 9 of the Amended Complaint, NSC lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and, therefore, denies the same.

## ADMINISTRATIVE PROCEDURES

10. Answering Paragraph 10 of the Amended Complaint, NSC admits the allegations set forth therein.

11. Answering Paragraph 11 of the Amended Complaint, NSC avers that the allegations set forth therein do not relate to NSC and, therefore, require no response from NSC.

12. Answering Paragraph 12 of the Amended Complaint, NSC avers that the allegations set forth therein do not relate to NSC and, therefore, require no response from NSC.

13. Answering Paragraph 13 of the Amended Complaint, NSC admits the allegations set forth therein as they relate to NSC except that NSC denies there has been any violation of Title VII or unlawful employment practices and that Charging Parties are entitled to any relief. The remaining allegations set forth therein do not relate to NSC and, therefore, require no response from NSC.

14. Answering Paragraph 14 of the Amended Complaint, NSC admits that the Commission was unable to secure from NSC a conciliation agreement acceptable to the parties. Further answering, NSC admits that the Commission communicated with NSC to discuss conciliation. NSC denies all remaining allegations set forth in Paragraph 14 of the Amended Complaint as they relate to NSC and states that all other allegations do not relate to NSC and, therefore, require no response from NSC.

15. Answering Paragraph 15 of the Amended Complaint, NSC admits the allegations set forth therein as they relate to NSC. The remaining allegations do not relate to NSC and, therefore, require no response from NSC.

16. Answering Paragraph 16 of the Amended Complaint, NSC avers that that the allegations set forth therein do not relate to NSC and, therefore, require no response from NSC.

17. Answering Paragraph 17 of the Amended Complaint, NSC admits the allegations set forth therein.

18. Answering Paragraph 18 of the Amended Complaint, NSC lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted therein and, therefore, denies the same.

## STATEMENT OF CLAIMS

19. Answering Paragraph 19 of the Amended Complaint, NSC denies the allegations as they relate to NSC. Further answering, NSC has no knowledge that HII engaged in such unlawful employment practices or violation of the statutes referenced therein but leaves HII, represented separately by counsel, to answer the allegations as they relate specifically to HII. NSC denies all remaining allegations set forth in Paragraph 19 of the Amended Complaint.

20. Answering Paragraph 20 of the Amended Complaint, NSC denies the allegations as they relate to NSC. Further answering, NSC has no knowledge that HII subjected Charging Parties or any other employee to severe, pervasive, unwanted, humiliating, degrading and offensive sexual conduct, including sexual assault, while they were employed by NSC and/or HII but leaves HII, represented separately by counsel, to answer the allegations as they relate specifically to HII. As it relates to the allegations of unlawful sexual harassment allegedly perpetrated by Patrick Dingle ("Dingle"), NSC avers that Charging Parties refused to participate

in any investigation conducted by NSC. Accordingly, NSC lacks knowledge or information sufficient to form a belief as to the truth of the allegation and, therefore, denies the same. NSC denies all remaining allegations set forth in Paragraph 20 of the Amended Complaint.

21. Answering Paragraph 21 of the Amended Complaint, NSC admits that Dingle was a superintendent on a ship identified as U.S. Coast Guard National Security Cutter 7 which was under construction by one or both of the HII Defendants. Further answering, NSC admits, upon information and belief, that this ship is also known as NSC 7, WSML 756, and USCGC Kimball (collectively "Kimball"). NSC denies all remaining allegations set forth in Paragraph 21 of the Amended Complaint.

22. Answering Paragraph 22 of the Amended Complaint, NSC admits that Charging Parties were assigned to work on a cleaning crew for the Kimball. NSC denies all remaining allegations set forth in Paragraph 22 of the Amended Complaint.

23. Answering Paragraph 23 of the Amended Complaint, NSC avers that Charging Parties refused to participate in any investigation conducted by NSC. Accordingly, NSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23, and subparts (a) – (i), (l), (n), (r) – (t), and, therefore, denies the same. As it relates to the remaining subparts, NSC responds as follows:

    j. NSC denies that it was aware of Dingle's alleged sexual misconduct, if any, toward any employee and that it did nothing to stop sexual misconduct from occurring. NSC further denies that Dingle's alleged conduct was open and pervasive and well-known to NSC. Further answering, NSC avers that Charging Parties refused to participate in any investigation conducted by NSC. Accordingly, NSC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 23, subpart (j) and, therefore, denies the same.

4884-4077-3639.5
63317838.v1

k.      Answering Paragraph 23, subpart (k) of the Amended Complaint, NSC denies that Willis was a supervisor. NSC admits that Willis was hired by NSC and was assigned, at times, as a lead cleaning crew member and, at other times, as a laborer or cleaner as directed by the client. Further answering, NSC avers that Charging Parties refused to participate in any investigation conducted by NSC. Accordingly, NSC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 23, subpart (k) and, therefore, denies the same.

m.      Answering Paragraph 23, subpart (m) of the Amended Complaint, NSC denies the allegations set forth therein.

o.      Answering Paragraph 23, subpart (o) of the Amended Complaint, NSC denies that NSC unlawfully retaliated against Sellers for any reason. Further answering, NSC avers that Charging Parties refused to participate in any investigation conducted by NSC. Accordingly, NSC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 23, subpart (o) and, therefore, denies the same.

p.      Answering Paragraph 23, subpart (p) of the Amended Complaint, NSC admits that Sellers contacted Alexandria Rucker ("Rucker") on or around April 6, 2018, and claimed she was harassed by Dingle. Further answering, NSC denies the remaining allegations set forth in Paragraph 23, subpart (p).

q.      Answering Paragraph 23, subpart (q) of the Amended Complaint, NSC denies that NSC would not protect Sellers or any other employee. Further answering, NSC avers that Charging Parties refused to participate in any investigation conducted by NSC. Accordingly, NSC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 23, subpart (q) and, therefore, denies the same.

4884-4077-3639.5
63317838.v1

24. Answering Paragraph 24 of the Amended Complaint, NSC lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted as they relate to HII and, therefore, denies the same. Further answering, NSC avers that Sellers failed to return NSC's calls but that Sellers remains on NSC's roster for employment. NSC denies the remaining allegations set forth in Paragraph 24.

25. Answering Paragraph 25 of the Amended Complaint, NSC avers that Charging Parties refused to participate in any investigation conducted by NSC. Accordingly, NSC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 25 and, therefore, denies the same.

26. Answering Paragraph 26 of the Amended Complaint, NSC denies that Willis was Charging Parties immediate supervisor and further denies the remaining allegations set forth therein.

27. Answering Paragraph 27 of the Amended Complaint, NSC denies the allegations set forth therein.

28. Answering Paragraph 28 of the Amended Complaint, NSC denies the allegations set forth therein.

29. Answering Paragraph 29 of the Amended Complaint, NSC denies the allegations set forth therein.

30. Answering Paragraph 30 of the Amended Complaint, NSC lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and, therefore, denies the same.

31. Answering Paragraph 31 of the Amended Complaint, NSC denies the allegations set forth therein.

4884-4077-3639.5
63317838.v1

32. Answering Paragraph 32 of the Amended Complaint, NSC denies the allegations set forth therein.

33. Answering Paragraph 33 of the Amended Complaint, NSC denies the allegations set forth therein.

34. Answering Paragraph 34 of the Amended Complaint, NSC denies the allegations set forth therein.

35. Answering Paragraph 35 of the Amended Complaint, NSC denies the allegations set forth therein.

NSC denies all allegations set forth within the Amended Complaint not expressly admitted herein.

## **AFFIRMATIVE AND OTHER DEFENSES**

For its affirmative and other defenses to the Amended Complaint, NSC states as follows:

1. To the extent that Charging Parties and any potential class members have not made reasonable efforts to find other employment, they have not met their affirmative obligation to mitigate their damages.

2. Plaintiff's claims are barred because all employment decisions made with regard to Charging Parties and the potential class members were, at all times, motivated by legitimate, non-discriminatory, and lawful factors, and NSC at no time acted in an unlawful manner in connection with any decision regarding Charging Parties and potential class members.

3. To the extent that any alleged discrimination, harassment or retaliation was a motivating factor in any action taken with respect to Charing Parties and any potential class members, the same action would have been taken in the absence of such motivating factor.

4. Plaintiff's claims may be barred and/or limited because of after-acquired evidence.

5. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

6. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, equitable estoppel and judicial estoppel.

7. Plaintiff's claims are barred, in whole or in part, because of the Charting Parties' and potential class members' own actions and/or inactions.

8. Plaintiff's claims are barred, in whole or in part, because the alleged injuries and damages sustained by the Charging Parties and potential class members may have been caused or contributed to by third parties for whom NSC is not responsible.

9. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and for failure to exhaust all administrative remedies to the extent that Charing Parties' and any potential class members' claims exceed the scope of, or are inconsistent with, the Charges filed by Charging Parties with Plaintiff.

10. NSC denies the allegations set forth in Plaintiff's Amended Complaint and deny that it engaged in any unlawful conduct. However, NSC affirmatively pleads that to the extent Plaintiff has alleged any unlawful conduct by it, Plaintiff's claims are barred, in whole or in part, because NSC has in place anti-discrimination policies, NSC exercised reasonable care to prevent and promptly correct any alleged unlawful behavior, and the Charging Parties and potential class members unreasonably failed to take advantage of preventive or corrective opportunities.

11. Plaintiff's claim for punitive damages is barred because any action or inaction taken with respect to Charging Parties and any potential class members was taken in good faith and was

4884-4077-3639.5
63317838.v1

not willful, intentional, or done with reckless disregard for Charging Parties' and any potential class members' rights, if any, under any federal, state, or common law.

12. Plaintiff's claim for punitive damages is barred to the extent such damages violate the United States Constitution and any state Constitution.

13. NSC incorporates by reference all affirmative defenses raised by HII in its respective answer to the Amended Complaint.

14. NSC reserves the right to assert additional defenses not presently known but which become apparent during the course of investigation or discovery.

WHEREFORE, having fully answered, NSC respectfully requests that Plaintiff's Amended Complaint be dismissed in its entirety, that NSC be awarded its costs and attorneys' fees incurred in defending this action, and for other and further relief as this Court deems just and appropriate.

This the 16th day of February, 2022.

Respectfully submitted,
NSC TECHNOLOGIES, LLC,
Defendant

By Its Attorneys,
BUTLER SNOW LLP

/s/ Robin Banck Taylor
ROBIN BANCK TAYLOR (MS Bar No. 100195)
PAUL L. BITTNER (*admitted Pro Hac Vice*)
ANGELA M. COURTWRIGHT (*admitted Pro Hac Vice*)

4884-4077-3639.5
63317838.v1

OF COUNSEL:

Robin Banck Taylor
BUTLER SNOW LLP
M<span>AILING</span>:  Post Office Box 6010
Ridgeland, Mississippi 39158-6010
P<span>HYSICAL</span>:  1020 Highland Colony Parkway
S<span>UITE</span>1400 (39157)
Telephone: (601) 985-4496
Facsimile:  (601) 985-4500
Email: Robin.Taylor@butlersnow.com


Paul L. Bittner (PHV#49660)
Angela M. Courtwright (PHV#49661)
ICE MILLER LLP
250 West Street
Columbus, OH  43215
614.462.2700
Facsimile: 614.462.5135
Email: Paul.Bittner@icemiller.com
Email: Angela.Courtwright@icemiller.com


## JURY DEMAND

    Defendant NSC Technologies, LLC demands a jury on all issues so triable.

                    NSC TECHNOLOGIES, LLC, 
                    Defendant

                    By Its Attorneys,
                    BUTLER SNOW LLP

                    */s/ Robin Banck Taylor*
                    ROBIN BANCK TAYLOR

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I have this day served via the Court's electronic filing system a copy of the foregoing pleading upon all parties of record.

This the 16th day of February, 2022.

*/s/ Robin Banck Taylor*
ROBIN BANCK TAYLOR

4874-0289-7678.2

4884-4077-3639.5
63317838.v1