IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | PLAINTIFF |
| VS. | CIVIL ACTION NO. 1:22-CV-2-HSO-RHWR |
| HUNTINGTON INCORPORATED INDUSTRIES, INC.; HUNTINGTON INGALLS INCORPORATED; and NSC TECHNOLOGIES, LLC | DEFENDANTS |

### HUNTINGTON INGALLS INDUSTRIES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant Huntington Ingalls Industries, Inc. (Industries) answers the Plaintiff Equal Employment Opportunity Commission's First Amended Complaint as follows:

#### AFFIRMATIVE AND OTHER DEFENSES

Industries asserts the following defenses, including affirmative defenses, to the Commission's allegations. Industries reserves the right to amend or add additional defenses and incorporates by reference all defenses raised by Defendant NSC Technologies, LLC (NSC Tech). Also, by pleading these defenses, Industries does not agree that they are affirmative defenses on which Industries bears the burden of proof.

#### FIRST DEFENSE

The Commission's claims against Industries are barred because the Court lacks personal jurisdiction over Industries.

#### SECOND DEFENSE

The Commission's claims are barred, in whole or in part, by the doctrine of laches or the applicable statute of limitations for potential class members.

#### THIRD DEFENSE

The Commission's claims are barred, in whole or in part, by the equitable doctrines of unclean hands, equitable estoppel, and judicial estoppel.

### FOURTH DEFENSE

The claims in the First Amended Complaint are barred because the Commission, the Charging Parties, and any potential class members did not exhaust all administrative remedies and satisfy all prerequisites before bringing this action, including failing to (1) provide reasonable notice of the allegations, (2) reasonably investigate the claims alleged in the action, and (3) make reasonable efforts to conciliate the claims.

### FIFTH DEFENSE

The Commission's claims against Industries are barred because Industries is not an employer under Title VII of the Civil Rights Act of 1964.

### SIXTH DEFENSE

The Commission's claims are barred because Industries exercised reasonable care to prevent and correct promptly any sexually harassing behavior by, among other measures, having in place written policies and procedures that prohibit unlawful harassment and provide avenues of complaint for violations of them. The Charging Parties and any potential class members unreasonably failed to take advantage of the preventive and corrective opportunities provided by Industries despite Industries making its employees and contractors aware of these opportunities.

### SEVENTH DEFENSE

Industries' actions and decisions regarding the Charging Parties and any potential class members were motivated solely by legitimate, non-discriminatory factors. Alternatively, to the extent that discrimination, harassment, or retaliation were motivating factors for any action regarding the Charging Parties and potential class members, the same action would have been taken in the absence of such motivating factors.

**EIGHTH DEFENSE**

The Commission's claims are barred or limited because the alleged injuries and damages sustained by the Charging Parties and potential class members may have been caused or contributed to by third parties for whom Industries is not responsible.

**NINTH DEFENSE**

The Commission's claims are barred or limited because the alleged injuries and damages are the result of each Charging Party's and each class member's own actions or inactions and because each failed to take reasonable measures to avoid the consequences alleged to have been caused by Industries.

**TENTH DEFENSE**

The Commission's claims are limited to the extent each Charging Party and class member failed to mitigate her alleged damages.

**ELEVENTH DEFENSE**

The Commission's demand for punitive damages is barred because the award of punitive damages requested by the Commission would violate provisions of the constitutions of the state of Mississippi and the United States of America.

**TWELFTH DEFENSE**

The Commission's claims are barred or limited because Industries did not engage in any discriminatory practice with malice or with reckless indifference to the federally protected rights of the Charging Parties or any potential class members.

**THIRTEENTH DEFENSE**

The claims of the Commission, Charging Parties, and class members are limited through the after-acquired evidence doctrine.

Industries reserves the right to amend or add additional defenses.

Industries responds to the First Amended Complaint, paragraph by paragraph, as follows:

## NATURE OF THE ACTION

Industries admits that the Commission has asserted the action under 42 U.S.C. §2000e ("Title VII") and 42 U.S.C. § 1981a but denies the remaining allegations in the unnumbered initial paragraph of the First Amended Complaint.

## JURISDICTION AND VENUE

1. Industries admits that the Court has subject matter jurisdiction over this action but denies the remaining allegations in paragraph 1. Industries also denies that the Court has personal jurisdiction over it.

2. Industries admits that venue is proper in this Court, though denies that the Court has personal jurisdiction over it.

## PARTIES

3. Industries admits that the Commission is charged with the administration, interpretation, and enforcement of Title VII and is authorized to bring actions to enforce Title VII. Industries denies that the Commission satisfied 42 U.S.C. Section 2000-e(5)(f)(1)'s requirement to meaningfully conciliate before bringing this action.

4. The allegations in paragraph 4 are not directed at Industries and require no response from it.

5. Industries admits that it is a Delaware corporation and that it withdrew from doing business in Mississippi on January 26, 2018, because it had not been doing business in the state, as its Certificate of Withdrawal states. Industries denies the remaining allegations in paragraph 5.

6. The allegations in paragraph 6 are not directed at Industries and require no response from it.

7. Industries denies the allegations in paragraph 7.

8. Industries denies that Defendant Huntington Ingalls Incorporated (Incorporated) is an alter ego of Industries and that Incorporated and Industries constitute an integrated enterprise.

    a. This allegation is a legal conclusion that does not require a response. To the extent a response is required, Industries denies the allegations in 8.a.

    b. Industries denies the allegations in 8.b.

    c. Industries admits that 6 of Incorporated's 46 officers are also officers of Industries, and avers that Industries has 14 officers who are not officers of Incorporated. Industries otherwise denies the allegations in 8.c.

    d. Industries denies the allegations in 8.d. Industries is a publicly traded company and is therefore not owned by any one individual or entity. Incorporated is a wholly owned subsidiary of Industries.

    e. Industries denies the allegations in 8.e. Industries was incorporated in 2010, and Incorporated was incorporated in 1886. Incorporated became a wholly owned subsidiary of Industries in 2011.

    f. Industries denies the allegations in 8.f. Both Industries and Incorporated use 4101 Washington Avenue, Newport News, Virginia as the mailing address for their principal place of business.

    g. Industries denies the allegations in 8.g. C. Michael Petters is the Executive Vice President and Vice Chairman of Industries. He holds no position with Incorporated. Before March 1, 2022, Mr. Petters was the President and CEO of Industries and the President of Incorporated.

    h. Industries admits the allegations in 8.h.

    i. Industries admits the allegations in 8.i.

    j. Industries denies the allegations in 8.j.

  k. Industries denies the allegations in 8.k.

  l. Industries admits that huntingtoningalls.com includes pages for Incorporated's unincorporated divisions, Ingalls Shipbuilding, Newport News Shipbuilding, and others. These unincorporated divisions are sometimes referred to as divisions of Huntington Ingalls Industries—not Huntington Ingalls Industries, Inc.—as a branding statement and not a statement of their corporate structure or relationship. Industries also admits that various social media accounts that carry the Huntington Ingalls Industries brand refer to these unincorporated divisions. Industries denies the remaining allegations in 8.l.

  m. Industries admits that Incorporated's shipbuilding activities in Pascagoula, Mississippi are branded as "Ingalls Shipbuilding," which is sometimes described as a division of Huntington Ingalls Industries. Ingalls Shipbuilding is not referred to as a division of the corporate entity Huntington Ingalls Industries, Inc.  In fact, Industries is a holding company of which Incorporated is a subsidiary. Industries denies the remaining allegations in 8.m.

  n. Industries admits that Incorporated's Ingalls Shipbuilding division is located at 1000 Jerry St. Pe Highway in Pascagoula, Mississippi and covers approximately 800 acres.

  o. Industries admits that approximately 11,500 of Incorporated's employees work at Incorporated's Ingalls Shipbuilding division.

  p. Industries admits that Incorporated is the largest manufacturing employer in Mississippi and one of the largest employers in the state. Industries denies the remaining allegations in 8.p.

  q. Industries admits that there are job requisitions for Ingalls Shipbuilding on huntingtoningalls.com that also list the brand name Huntington Ingalls Industries as an "entity" and use the same brand name in the EEO

statement. The name of the corporate entity, Huntington Ingalls Industries, Inc., is not in the job requisition. Industries denies the remaining allegations in 8.q.

  r. Industries denies the allegations in 8.r.

  s. Industries admits that the biography of Edmond E. Hughes, found at ingalls.huntingtoningalls.com, identifies him as alleged. Reference to Ingalls Shipbuilding as an unincorporated division of Industries is a branding statement and not a statement of corporate structure. Industries is the parent company of Incorporated, as is reflected in all corporate documents. Industries denies the remaining allegations in 8.s.

  t. Industries denies the allegations in 8.t. because they are too general and ambiguous to admit without qualification. Industries admits that former employees of Incorporated have worked for other subsidiaries and affiliates of Industries, but Industries does not employ anyone.

  u. Industries admits that Kari Wilkinson is the president of Ingalls Shipbuilding and an executive vice president of Industries. Wilkinson was promoted to Ingalls Shipbuilding president from the position of vice president of program management. In both positions, she has been an employee of Incorporated. Wilkinson was elected to the position of executive vice president with Industries after her promotion to Ingalls Shipbuilding president. Industries also admits that Brian Cuccias is the former president of Ingalls Shipbuilding, and that he was promoted to that position after serving as a vice president of program management at Ingalls Shipbuilding. Cuccias was elected to the position of executive vice president with Industries after he was promoted to Ingalls Shipbuilding president. Industries denies the remaining allegations in 8.u.

  v. Industries lacks sufficient information to admit or deny how the Program Manager for the U.S. Coast Guard National Security Cutters relevant to

7

this lawsuit generally presents himself, and therefore denies the allegations in 8.v. Industries admits, though, that any individual in this position is employed by Incorporated.

  w. Industries denies the allegations in 8.w. Industries admits, however, that the employees who investigated the Charging Parties allegations were and remain employed by Incorporated whether or not they publicly identify themselves as employees of Ingalls Shipbuilding, a division of Huntington Ingalls Industries.

  x. Industries admits that it has established a Code of Ethics and Business Conduct that applies to all of Industries' subsidiaries, including Incorporated. Industries further admits that the Code includes a section entitled "Preventing Harassment" that also applies to all Industries' subsidiaries, including Incorporated. Incorporated has its own employment policies, including a sexual harassment policy, that it implements and applies to its employees of its Ingalls Shipbuilding division. Industries denies the remaining allegations in 8.x.

  y. Industries admits that it regularly publishes and distributes updates on ethics issues to employees of all of its subsidiaries, including Incorporated. Incorporated's Ingalls Shipbuilding division also publishes and distributes its own updates on ethics issues to its own division employees, and Incorporated's Newport News Shipbuilding division regularly publishes and distributes its own updates on ethics issues to its own division employees. Industries denies the remaining allegations in 8.y.

  z. Industries denies the allegations in 8.z.

  aa. Industries admits that an Employee Information Phone Line is available to all its subsidiaries' employees, including those employed by Incorporated's Ingalls Shipbuilding division. The phone line directs callers to

their respective business unit. Specifically, callers are prompted to press 1 for Newport News Shipbuilding, 2 for Ingalls Shipbuilding, or 3 for Technical Solutions. Industries otherwise denies the allegations in 8.aa.

    bb.    Industries denies the allegations in 8.bb.

    cc.    Industries denies the allegations in 8.cc.

    dd.    Industries denies the allegations in 8.dd.

    ee.    Industries denies the allegations in 8.ee.

    ff.    Industries denies the allegations in 8.ff. This allegation contains a recital of a press release issued by the Office of Federal Contract Compliance Programs (OFCCP) that inaccurately claimed Industries paid back wages and interest to resolve alleged hiring violations found at Incorporated's Ingalls Shipbuilding Pascagoula, Mississippi shipyard. In fact, the OFCCP recognized that the proper employer was Incorporated and entered into the conciliation agreement related to these allegations with Incorporated, not Industries.

    gg.    Industries denies the allegations in 8.gg.

    hh.    Industries admits that some corporate discounts are shared across subsidiaries and divisions but otherwise denies the allegations in 8.hh.

    ii.    Industries admits that it has sponsored at least one retirement savings plan pursuant to ERISA for persons employed by its subsidiaries.

    jj.    Industries is without sufficient information to admit or deny this allegation and thus denies it. Industries admits, though, that Incorporated has not sponsored any retirement savings plans pursuant to ERISA for persons it has directly employed since 2011.

    kk.    Industries admits that it has sponsored at least one health insurance coverage plan pursuant to ERISA for persons employed by its subsidiaries.

ll.    Industries is without sufficient information to admit or deny this allegation and thus denies it. Industries admits, though, that Incorporated has not sponsored any health insurance plan pursuant to ERISA for persons it has directly employed since 2011.

mm.   Industries admits that it has sponsored at least one life insurance coverage plan pursuant to ERISA for persons employed by its subsidiaries.

nn.    Industries is without sufficient information to admit or deny this allegation and thus denies it. Industries admits, though, that Incorporated has not sponsored any life insurance plan pursuant to ERISA for persons it has directly employed since 2011.

oo.    Industries denies the allegations in 8.oo.

pp.    Industries admits that it established a scholarship fund in 2016 for eligible employees and dependents of all of its subsidiaries, including Incorporated. The scholarship fund is administered by a third party. Industries denies the remaining allegations in 8.pp.

qq.    Industries denies the allegations in 8.qq.

rr.    Industries denies the allegations in 8.rr.

ss.    Industries denies the allegations in 8.ss.

tt.    Industries denies the allegations in 8.tt.

uu.    Industries denies the allegations in 8.uu. because it has no employees.

vv.    Industries denies the allegations in 8.vv.

ww.    Industries denies the allegations in 8.ww. Industries does not build or advertise ships. Industries has made public statements that indicate certain ships, including the USCGC Kimball, were built by Ingalls Shipbuilding.

xx.   Industries admits that Incorporated receives professional support services from Industries for which it compensates Industries. Industries denies the remaining allegations in 8.xx.

yy.   Industries admits that its form 10-K includes consolidated financial statements, as the Internal Revenue Service requires. Industries denies the remaining allegations in 8.yy.

zz.   Industries denies the allegations in 8.zz.

aaa.   Industries denies the allegations in 8.aaa.

bbb.   Industries admits that it submits a form 10-K, which includes consolidated financial statements, as the Internal Revenue Service requires. Incorporated compensates Industries for these professional services. Industries denies the remaining allegations in 8.bbb.

ccc.   Industries admits that it provides the legal support service of preparing Incorporated's filings with the Mississippi Secretary of State and that Incorporated then compensates Industries for the support.

9.   Industries denies the allegations in paragraph 9.

## ADMINISTRATIVE PROCEDURES

10.   Industries admits that Shontell Coleman and Victoria Sellers each filed a charge with the Commission more than 30 days before the institution of this action and that each charge alleged Title VII violations by NSC and Industries.

11.   Industries denies the allegations in paragraph 11.

12.   Industries denies the allegations in paragraph 12.

13.   Industries admits that the Commission issued letters of determination to NSC and Industries on May 11, 2021 in Coleman's charge and in Sellers' charge in which the Commission claimed to have reasonable cause to believe that Title VII had been violated. Industries denies the remaining allegations in paragraph 13.

14. Industries denies the allegations in paragraph 14. Industries admits that Industries and NSC Tech exchanged correspondence with the Commission, but the Commission refused to meet with Industries and NSC Tech in person or virtually or otherwise provide support for its demands.

15. Industries admits that Industries and NSC Tech attempted to conciliate with the EEOC and that the EEOC would not agree to a conciliation agreement acceptable to Industries or NSC Tech. Industries denies the remaining allegations in paragraph 15.

16. Industries admits that the Commission sent it letters dated August 19, 2021 stating that it had determined that efforts to conciliate Coleman's charge and Sellers' charge had been unsuccessful. Industries denies the remaining allegations in paragraph 16.

17. The allegations in paragraph 17 are not directed at Industries.

18. Industries is without sufficient information to admit or deny the allegations in paragraph 18 and thus denies them.

## STATEMENT OF CLAIMS

19. Industries denies the allegations in paragraph 19.

20. Industries denies the allegations in paragraph 20.

21. Industries admits that Incorporated, not Industries, employed Patrick Dingle as a Ship Superintendent in the Programs Department and that he worked for a time on a ship identified as National Security Cutter 7 ("NSC 7"). The ship was later commissioned as the USCGC Kimball (WMSL 756).

22. Industries admits that the Charging Parties provided cleaning services on NSC 7 through their employment with NSC Tech, which had contracted with Incorporated to provide ship cleaning services. Industries denies the remaining allegations in paragraph 22.

12

23. Industries denies the allegations in paragraph 23.

    a. Industries denies the allegations in 23.a.

    b. Industries denies the allegations in 23.b.

    c. Industries denies the allegations in 23.c.

    d. Industries denies the allegations in 23.d.

    e. Industries denies the allegations in 23.e.

    f. Industries denies the allegations in 23.f.

    g. Industries denies the allegations in 23.g.

    h. Industries denies the allegations in 23.h.

    i. Industries denies the allegations in 23.i.

    j. Industries denies the allegations in 23.j.

    k. Industries admits that James Willis was employed by NSC Tech as a Lead over the Charging Parties and other NSC Tech employees performing cleaning services on NSC 7. Industries denies the remaining allegations in 23 k.

    l. The allegations in 23.l. are not directed to Industries. To the extent Industries is required to respond, Industries denies them.

    m. The allegations in 23.m. are not directed to Industries. To the extent Industries is required to respond, Industries denies them.

    n. Industries denies the allegations in 23.n.

    o. Industries denies the allegations in 23.o.

    p. The allegations in 23.p. are not directed to Industries. To the extent Industries is required to respond, Industries denies them.

    q. Industries admits that Incorporated's records show Sellers called its Open Line on April 6, 2018 and alleged that Patrick Dingle had harassed her. Industries denies the remaining allegations in 23.q.

r. Industries admits Incorporated's records show that on April 12, 2018, Coleman called Incorporated's Open Line and alleged that Dingle had harassed Sellers and Coleman and that she had been "retaliated against" by an employee named Jason, "who is Patrick's boss," for "agreeing to be a witness in Victoria's [Sellers] sexual harassment lawsuit." Industries denies the remaining allegations in 23.r.

s. Industries admits that Incorporated's records show Coleman spoke with an Open Line representative five times after her first call. In these calls, Coleman stated that she had "taken legal action" and alleged that on April 19, 2018, Dingle told her "you still sexy [sic] than a motherf*****." Industries denies the remaining allegations in 23.s.

t. Industries denies that Dingle treated males and females on NCS 7 as described in the Commission's First Amended Complaint and thus denies the allegations in 23.t.

24. Industries admits that it never hired, rehired, or otherwise employed Sellers. The other allegations in paragraph 24 are not directed at Industries, but to the extent they are, Industries denies them.

25. Industries admits that Incorporated's records show Coleman called Incorporated's Open Line on April 25, 2018 and alleged that Dingle told her: "If I lose my job, you will lose your life." Industries is without sufficient information to admit or deny the remaining allegations in paragraph 25, and thus denies them.

26. The allegations in paragraph 26 are not directed to Industries. To the extent Industries is required to respond, Industries denies them.

27. The allegations in paragraph 27 are not directed to Industries. To the extent Industries is required to respond, it denies them.

28. Industries denies the allegations in paragraph 28.

29. Industries denies the allegations in paragraph 29.

30. Industries denies the allegations in paragraph 30.

31. Industries denies the allegations in paragraph 31.

32. Industries denies the allegations in paragraph 32.

33. Industries denies the allegations in paragraph 33.

34. Industries denies the allegations in paragraph 34.

35. Industries denies the allegations in paragraph 35.

Industries denies that the Commission, Charging Parties, and any class members are entitled to any relief, including the relief requested in paragraphs A through H that begin on page 15 of the First Amended Complaint.

Dated: March 1, 2022.

            Respectfully submitted,

            HUNTINGTON INGALLS INDUSTRIES, INC.

            By Its Attorneys,

            WATKINS & EAGER, PLLC

            By: s/Adam Gates
              Adam Gates

Brooks Eason, MSB No. 5286
Adam Gates, MSB No. 102305
WATKINS & EAGER, PLLC
Mailing: Post Office Box 650
Jackson, Mississippi 39205-0650
Physical: The Emporium Building
400 East Capital Street
Jackson, Mississippi 39201
*Telephone:* (601) 965-1900
*Facsimile:* (601) 965-1901
beason@watkinseager.com
agates@watkinseager.com

15

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notice to all counsel of record.

Dated: March 1, 2022.

                                                  s/Adam Gates
                                                  Adam Gates