IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                                              PLAINTIFF

VS.                                            CIVIL ACTION NO. 1:22-CV-2-HSO-RHWR

HUNTINGTON INCORPORATED INDUSTRIES,                      DEFENDANTS
INC.; HUNTINGTON INGALLS INCORPORATED;
and NSC TECHNOLOGIES, LLC

## HUNTINGTON INGALLS INCORPORATED'S
## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Huntington Ingalls Incorporated (Incorporated) answers the Plaintiff Equal Employment Opportunity Commission's First Amended Complaint as follows:

### AFFIRMATIVE AND OTHER DEFENSES

Incorporated asserts the following defenses, including affirmative defenses, to the Commission's allegations. Incorporated reserves the right to amend or add additional defenses and incorporates by reference all defenses raised by Defendant NSC Technologies, LLC (NSC Tech). Also, by pleading these defenses, Incorporated does not agree that they are affirmative defenses on which it bears the burden of proof.

### FIRST DEFENSE

The claims in the First Amended Complaint are barred because the Commission, the Charging Parties (Shontell Coleman and Victoria Sellers), and any potential class members did not exhaust all administrative remedies and satisfy all prerequisites before bringing this action, including failing to (1) provide reasonable notice of the allegations, (2) reasonably investigate the claims alleged in the action, and (3) make reasonable efforts to conciliate the claims.

### SECOND DEFENSE

The Commission's claims are barred, in whole or in part, by the equitable doctrines of unclean hands, equitable estoppel, and judicial estoppel.

### THIRD DEFENSE

The Commission's claims are barred, in whole or in part, by the doctrine of laches or the applicable statute of limitations for potential class members.

### FOURTH DEFENSE

The Commission's claims are barred because Incorporated exercised reasonable care to prevent and correct promptly any sexually harassing behavior by, among other measures, having in place written policies and procedures that prohibit unlawful harassment and provide avenues of complaint for violations of them. The Charging Parties and any potential class members unreasonably failed to take advantage of the preventive and corrective opportunities provided by Incorporated despite Incorporated making its employees and contractors aware of these opportunities.

### FIFTH DEFENSE

Incorporated's actions and decisions regarding the Charging Parties and any potential class members were motivated solely by legitimate, non-discriminatory factors. Alternatively, to the extent that discrimination, harassment, or retaliation were motivating factors for any action regarding the Charging Parties and potential class members, the same action would have been taken in the absence of such factors.

### SIXTH DEFENSE

The Commission's claims are barred or limited because the alleged injuries and damages sustained by the Charging Parties and potential class members may have been caused or contributed to by third parties for whom Incorporated is not responsible.

### SEVENTH DEFENSE

The Commission's claims are barred or limited because the alleged injuries and damages are the result of each Charging Party's and each class member's own actions or inactions and because each failed to take reasonable measures to avoid the consequences alleged to have been caused by Incorporated.

## EIGHTH DEFENSE

The Commission's claims are limited to the extent each Charging Party and class member failed to mitigate her alleged damages.

## NINTH DEFENSE

The Commission's demand for punitive damages is barred because the award of punitive damages requested by the Commission would violate provisions of the constitutions of the state of Mississippi and the United States of America.

## TENTH DEFENSE

Incorporated did not engage in any discriminatory practice with malice or with reckless indifference to the federally protected rights of the Charging Parties or any potential class members.

## ELEVENTH DEFENSE

The claims of the Commission, Charging Parties, and class members are limited through the after-acquired evidence doctrine.

Incorporated reserves the right to amend or add additional affirmative defenses.

Incorporated responds to the First Amended Complaint, paragraph by paragraph, as follows:

## NATURE OF THE ACTION

Incorporated admits that the Commission has asserted claims under 42 U.S.C. §2000e ("Title VII") and 42 U.S.C. § 1981a but denies the remaining allegations in the unnumbered initial paragraph of the First Amended Complaint.

## JURISDICTION AND VENUE

1.    Incorporated admits that this Court has jurisdiction over it but denies the remaining allegations in paragraph 1.

2.    Incorporated admits that venue is proper in this Court.

**PARTIES**

3.    Incorporated admits that the Commission is charged with the administration, interpretation, and enforcement of Title VII and is authorized to bring actions to enforce Title VII. Incorporated denies that the Commission satisfied 42 U.S.C. Section 2000-e(5)(f)(1)'s requirement to meaningfully conciliate before bringing this action.

4.    The allegations in paragraph 4 are not directed at Incorporated and require no response from it.

5.    The allegations in paragraph 4 are not directed at Incorporated and require no response from it. To the extent a response is required, Incorporated denies the allegations in paragraph 5.

6.    Incorporated admits that it is a Virginia corporation that is registered to do business in Mississippi and is doing so. Incorporated also admits that it contracts with the United States to, among other things, build ships for the United States Navy and United States Coast Guard, and that it has employed over 15 employees during the relevant period.

7.    Incorporated admits that during the relevant period it has been engaged in an industry affecting commerce as defined by Title VII. Incorporated denies the remaining allegations in paragraph 7.

8.    Incorporated denies that it is an alter ego of Defendant Huntington Ingalls Industries, Inc. (Industries) and that Incorporated and Industries constitute an integrated enterprise.

a.    This allegation is a legal conclusion that does not require a response. To the extent a response is required, Incorporated denies the allegations in 8.a.

b.     This allegation is a legal conclusion that does not require a response. To the extent a response is required, Incorporated denies the allegations in 8.b.

c.     Incorporated admits that 6 of Incorporated's 46 officers are also officers of Industries, and avers that Industries has 14 officers who are not officers of Incorporated. Incorporated otherwise denies the allegations in 8.c.

d.     Incorporated denies the allegations in 8.d. Industries is a publicly traded company and is therefore not owned by any one individual or entity. Incorporated is a wholly-owned subsidiary of Industries.

e.     Incorporated denies the allegations in 8.e. Industries was incorporated in 2010, and Incorporated was incorporated in 1886. Incorporated became a wholly owned subsidiary of Industries in 2011.

f.     Incorporated denies the allegations in 8.f. Both Industries and Incorporated use 4101 Washington Avenue, Newport News, Virginia as the mailing address for their principal place of business.

g.     Incorporated denies the allegations in 8.g.  C. Michael Petters is the Executive Vice President and Vice Chairman of Industries. He holds no position with Incorporated. Before March 1, 2022, Mr. Petters was the President and CEO of Industries and the President of Incorporated.

h.     Incorporated admits the allegations in 8.h.

i.     Incorporated admits the allegations in 8.i.

j.     Incorporated denies the allegations in 8.j.

k.     Incorporated denies the allegations in 8.k.

l.     Incorporated admits that huntingtoningalls.com includes pages for its unincorporated divisions, Ingalls Shipbuilding, Newport News Shipbuilding, and others. These unincorporated divisions are sometimes referred to as

divisions of Huntington Ingalls Industries—not Huntington Ingalls Industries, Inc.—as a branding statement and not a statement of their corporate structure or relationship. Incorporated also admits that various social media accounts that carry the Huntington Ingalls Industries brand refer to these unincorporated divisions. Incorporated denies the remaining allegations in 8.l.

m.     Incorporated admits that its shipbuilding activities in Pascagoula, Mississippi are branded as "Ingalls Shipbuilding," which is sometimes described as a division of Huntington Ingalls Industries. Ingalls Shipbuilding is not referred to as a division of the corporate entity Huntington Ingalls Industries, Inc.  In fact, Industries is a holding company of which Incorporated is a subsidiary. Incorporated denies the remaining allegations in 8.m.

n.     Incorporated admits that its Ingalls Shipbuilding division is located at 1000 Jerry St. Pe Highway in Pascagoula, Mississippi and covers approximately 800 acres.

o.     Incorporated admits that approximately 11,500 of its employees work at its Ingalls Shipbuilding division.

p.     Incorporated admits that it is the largest manufacturing employer in Mississippi and one of the largest employers in the state. Incorporated denies the remaining allegations in 8.p.

q.     Incorporated admits that there are job requisitions for Ingalls Shipbuilding on huntingtoningalls.com that also list the brand name Huntington Ingalls Industries as an "entity" and use the same brand name in the EEO statement.  The name of the corporate entity, Huntington Ingalls Industries, Inc., is not in the job requisition. Incorporated denies the remaining allegations in 8.q.

r.     Incorporated denies the allegations in 8.r.

s.    Incorporated admits that the biography of Edmond E. Hughes, found at ingalls.huntingtoningalls.com, identifies him as alleged. Reference to Ingalls Shipbuilding as an unincorporated division of Industries is a branding statement and not a statement of corporate structure. Industries is the parent company of Incorporated, as is reflected in all corporate documents. Incorporated denies the remaining allegations in 8.s.

t.    Incorporated denies the allegations in 8.t. because they are too general and ambiguous to admit without qualification. Incorporated admits that former employees of Incorporated have worked for other subsidiaries and affiliates of Industries, but Industries does not employ any employees.

u.    Incorporated admits that Kari Wilkinson is the president of Ingalls Shipbuilding and an executive vice president of Industries. Wilkinson was promoted to Ingalls Shipbuilding president from the position of vice president of program management. In both positions, she has been an employee of Incorporated. Wilkinson was elected to the position of executive vice president with Industries after her promotion to Ingalls Shipbuilding president. Incorporated also admits that Brian Cuccias is the former president of Ingalls Shipbuilding, and that he was promoted to that position after serving as a vice president of program management at Ingalls Shipbuilding. Cuccias was elected to the position of executive vice president with Industries after he was promoted to Ingalls Shipbuilding president. Incorporated denies the remaining allegations in 8.u.

v.    Incorporated lacks sufficient information to admit or deny how the Program Manager for the U.S. Coast Guard National Security Cutters relevant to this action generally presents himself, and thus denies the allegations in 8.v.

Incorporated admits, though, that any individual in this position is employed by Incorporated.

w.    Incorporated denies the allegations in 8.w. Incorporated admits, however, that the employees who investigated the Charging Parties allegations were and remain employed by Incorporated whether or not they publicly identify themselves as employees of Ingalls Shipbuilding, a division of Huntington Ingalls Industries.

x.    Incorporated admits that Industries has established a Code of Ethics and Business Conduct that applies to all of Industries' subsidiaries, including Incorporated. Incorporated further admits that the Code includes a section entitled "Preventing Harassment" that also applies to all Industries' subsidiaries, including Incorporated. Incorporated has its own employment policies, including a sexual harassment policy, that it implements and applies to its employees of its Ingalls Shipbuilding division. Incorporated denies the remaining allegations in 8.x.

y.    Incorporated admits that Industries regularly publishes and distributes updates on ethics issues to employees of all of its subsidiaries, including Incorporated. Incorporated's Ingalls Shipbuilding division also publishes and distributes its own updates on ethics issues to its own division employees, and Incorporated's Newport News Shipbuilding division regularly publish and distribute its own updates on ethics issues to its own division employees.  Incorporated denies the remaining allegations in 8.y.

z.    Incorporated admits that it makes available to its employees and others working with Ingalls Shipbuilding a hotline to report ethics and other concerns, including complaints of discrimination, harassment, and retaliation. Incorporated denies that Industries maintains the hotline. Incorporated is the

entity that contracts with the third-party vendor who operates and maintains the hotline. Incorporated denies the remaining allegations in 8.z.

aa.    Incorporated admits that an Employee Information Phone Line is available to its employees and employees of all the subsidiaries of Industries, including those employed by Incorporated's Ingalls Shipbuilding division. The phone line directs callers to their respective business unit. Specifically, callers are prompted to press 1 for Newport News Shipbuilding, 2 for Ingalls Shipbuilding, or 3 for Technical Solutions.  Incorporated otherwise denies the allegations in 8.aa.

bb.    Incorporated denies the allegations in 8.bb.

cc.    Incorporated denies the allegations in 8.cc.

dd.    Incorporated denies the allegations in 8.dd.

ee.    Incorporated denies the allegations in 8.ee.

ff.    Incorporated denies the allegations in 8.ff. This allegation contains a recital of a press release issued by the Office of Federal Contract Compliance Programs (OFCCP) that inaccurately claims Industries paid back wages and interest to resolve alleged hiring violations found at Incorporated's Ingalls Shipbuilding Pascagoula, Mississippi shipyard. In fact, the OFCCP recognized that the proper employer was Incorporated and entered into the conciliation agreement related to these allegations with Incorporated, not Industries.

gg.    Incorporated denies the allegations in 8.gg.

hh.    Incorporated admits that some corporate discounts are shared across  subsidiaries and divisions but otherwise denies the allegations in 8.hh.

ii.    Incorporated admits that Industries has sponsored at least one retirement savings plan pursuant to ERISA for persons employed by subsidiaries of Industries.

jj.    Incorporated was formed in 1886 and is without sufficient information to admit or deny this allegation. It thus denies it. Incorporated admits, though, that it has not sponsored any retirement savings plan pursuant to ERISA for persons it has directly employed since 2011.

kk.    Incorporated admits that Industries has sponsored at least one health insurance coverage plan pursuant to ERISA for persons employed by subsidiaries of Industries.

ll.    Incorporated was formed in 1886 and is without sufficient information to admit or deny this allegation. It thus denies it. Incorporated admits, though, that it has not sponsored any health insurance plan pursuant to ERISA for persons it has directly employed since 2011.

mm.    Incorporated admits that Industries has sponsored at least one life insurance coverage plan pursuant to ERISA for persons employed by subsidiaries of Industries.

nn.    Incorporated was formed in 1886 and is without sufficient information to admit or deny this allegation. It thus denies it. Incorporated admits, though, that it has not sponsored any life insurance plan pursuant to ERISA for persons it has directly employed since 2011.

oo.    Incorporated denies the allegations in 8.oo.

pp.    Incorporated admits that Industries established a scholarship fund in 2016 for eligible employees and dependents of all of its subsidiaries, including Incorporated. The scholarship fund is administered by a third party. Incorporated denies the remaining allegations in 8.pp.

qq.    Incorporated denies the allegations in 8.qq.

rr.    Incorporated denies the allegations in 8.rr.

ss.    Incorporated denies the allegations in 8.ss.

tt.    Incorporated denies the allegations in 8.tt.

uu.    Incorporated denies the allegations in 8.uu. because Industries does not employ any employees.

vv.    Incorporated denies the allegations in 8.vv.

ww.    Incorporated denies the allegations in 8.ww. Industries does not build or advertise ships. Industries has made public statements that indicate certain ships, including the USCGC Kimball, were built by Ingalls Shipbuilding. Incorporated denies the remaining allegations in 8.ww.

xx.    Incorporated admits that it receives professional support services from Industries for which it compensates Industries. Incorporated denies the remaining allegations in 8.xx.

yy.    Incorporated admits that Industries' form 10-K includes consolidated financial statements, as the Internal Revenue Service requires. Incorporated denies the remaining allegations in 8.yy.

zz.    Incorporated denies the allegations in 8.zz.

aaa.    Incorporated denies the allegations in 8.aaa.

bbb.    Incorporated admits that Industries submits a form 10-K, which includes consolidated financial statements, as the Internal Revenue Service requires. Incorporated compensates Industries for these professional services. Incorporated denies the remaining allegations in 8.bbb.

ccc.    Incorporated admits that Industries provides the legal support service of preparing Incorporated's filings with the Mississippi Secretary of State and that Incorporated then compensates Industries for the support.

9.    Incorporated denies the allegations in paragraph 9.

**ADMINISTRATIVE PROCEDURES**

10.    Incorporated admits that Shontell Coleman and Victoria Sellers each filed

a charge with the Commission more than 30 days before the institution of this action and that each charge alleged Title VII violations by NSC and Industries, not Incorporated.

11.    Incorporated denies the allegations in paragraph 11.

12.    Incorporated denies the allegations in paragraph 12.

13.    Incorporated denies the allegations in paragraph 13.

14.    Incorporated denies the allegations in paragraph 14.

15.    Incorporated denies the allegations in paragraph 15.

16.    Incorporated denies the allegations in paragraph 16.

17.    The allegations in paragraph 17 are not directed at Incorporated and do not require a response from it.

18.    Incorporated is without sufficient information to admit or deny the allegations in paragraph 18 and thus denies them.

**STATEMENT OF CLAIMS**

19.    Incorporated denies the allegations in paragraph 19.

20.    Incorporated denies the allegations in paragraph 20.

21.    Incorporated admits that it employed Patrick Dingle as a Ship Superintendent in the Programs Department and that he worked for a time on a ship identified as National Security Cutter 7 ("NSC 7"). The ship was later commissioned as the USCGC Kimball (WMSL 756).

22.    Incorporated admits that the Charging Parties provided cleaning services on NSC 7 through their employment with NSC Tech, which had contracted with Incorporated to provide ship cleaning services. Incorporated denies the remaining allegations in paragraph 22.

23.    Incorporated denies the allegations in paragraph 23.

       a.    Incorporated denies the allegations in 23.a.

b.      Incorporated denies the allegations in 23.b.

c.      Incorporated denies the allegations in 23.c.

d.      Incorporated denies the allegations in 23.d.

e.      Incorporated denies the allegations in 23.e.

f.      Incorporated denies the allegations in 23.f.

g.      Incorporated denies the allegations in 23.g.

h.      Incorporated denies the allegations in 23.h.

i.      Incorporated denies the allegations in 23.i.

j.      Incorporated denies the allegations in 23.j.

k.      Incorporated admits that James Willis was employed by NSC Tech as a Lead over the Charging Parties and other NSC Tech employees performing cleaning services on NSC 7. Incorporated denies the remaining allegations in 23.k.

l.      The allegations in 23.l. are not directed to Incorporated. To the extent Incorporated is required to respond, Incorporated denies them.

m.      The allegations in 23.m. are not directed to Incorporated. To the extent Incorporated is required to respond, Incorporated denies them.

n.      Incorporated denies the allegations in 23.n.

o.      Incorporated denies the allegations in 23.o.

p.      The allegations in 23.p. are not directed to Incorporated. To the extent Incorporated is required to respond, Incorporated denies them.

q.      Incorporated admits its records show Sellers called its Open Line on April 6, 2018, and alleged that Patrick Dingle had harassed her. Incorporated denies the remaining allegations in 23.q.

r.      Incorporated admits its records show that on April 12, 2018, Coleman called its Open Line and alleged that Dingle had harassed Sellers and

Coleman and that she had been "retaliated against" by an employee named Jason, "who is Patrick's boss," for "agreeing to be a witness in Victoria's [Sellers] sexual harassment lawsuit." Incorporated denies the remaining allegations in 23.r.

s.    Incorporated admits that its records show Coleman spoke with an Open Line representative five times after her first call. In these calls, Coleman stated that she had "taken legal action" and alleged that on April 19, 2018, Dingle told her "you still sexy [sic] than a motherf*****." Incorporated denies the remaining allegations in 23.s.

t.    Incorporated denies that Dingle treated males and females on NCS 7 as described in the Commission's First Amended Complaint, and thus denies the allegations in 23.t.

24.    Incorporated admits that it never hired, rehired, or otherwise employed Sellers. The other allegations in paragraph 24 are not directed at Incorporated, but to the extent they are, Incorporated denies them.

25.    Incorporated admits that its records show Coleman called its Open Line on April 25, 2018, and alleged that Dingle told her: "If I lose my job, you will lose your life." Incorporated is without sufficient information to admit or deny the remaining allegations in paragraph 25 and thus denies them.

26.    The allegations in paragraph 26 are not directed to Incorporated. To the extent Incorporated is required to respond, Incorporated denies them.

27.    The allegations in paragraph 27 are not directed to Incorporated. To the extent Incorporated is required to respond, Incorporated denies them.

28.    Incorporated denies the allegations in paragraph 28.

29.    Incorporated denies the allegations in paragraph 29.

30.    Incorporated denies the allegations in paragraph 30.

31.     Incorporated denies the allegations in paragraph 31.

32.     Incorporated denies the allegations in paragraph 32.

33.     Incorporated denies the allegations in paragraph 33.

34.     Incorporated denies the allegations in paragraph 34.

35.     Incorporated denies the allegations in paragraph 35.

Incorporated denies that the Commission, Charging Parties, and any class members are entitled to any relief, including the relief requested in paragraphs A through H that begin on page 15 of the First Amended Complaint.

## CONCLUSION

Incorporated requests that the Court dismiss the First Amended Complaint and enter judgment in its favor, together with an award of costs, attorneys' fees, and any other relief the Court finds proper.

Dated:  March 1, 2022.

Respectfully submitted,

HUNTINGTON INGALLS INCORPORATED

By Its Attorneys,

WATKINS & EAGER, PLLC

By: s/Adam Gates
    Adam Gates

Brooks Eason, MSB No. 5286
Adam Gates, MSB No. 102305
WATKINS & EAGER, PLLC
Mailing:  Post Office Box 650
Jackson, Mississippi  39205-0650
Physical:  The Emporium Building
400 East Capital Street
Jackson, Mississippi  39201
*Telephone:*  (601) 965-1900
*Facsimile:*  (601) 965-1901
beason@watkinseager.com
agates@watkinseager.com

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notice to all counsel of record.

Dated: March 1, 2022.

s/Adam Gates
Adam Gates