IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>      **Plaintiff,**<br><br>v.<br><br>HUNTINGTON INGALLS, INDUSTRIES, INC.;<br>HUNTINGTON INGALLS INCORPORATED<br>and NSC TECHNOLOGIES, LLC<br><br>      **Defendants.** | )<br>)<br>)<br>)<br>)   **CIVIL ACTION NO.**<br>)   **1:22-CV-00002-HSO-RHWR**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONSENT DECREE

Plaintiff, United States Equal Employment Opportunity Commission ("EEOC" or "Commission"), initially filed suit against Huntington Ingalls Industries, Inc. d/b/a Huntington Ingalls Incorporated and NSC Technologies, LLC, in the Southern District of Alabama, 1:21-cv-00429. That action was transferred to the Southern District of Mississippi on January 10, 2022 as case number 1:22-cv-00002-HSO-RHWR. Plaintiff's First Amended Complaint renamed the Defendants as Huntington Ingalls Industries, Inc.("Industries"); Huntington Ingalls Incorporated ("Incorporated"); and NSC Technologies, LLC ("NSC Tech") in the above-captioned lawsuit on February 3, 2022. Plaintiff alleges pursuant to Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq.*, and Title I of the Civil Rights Act of 1991, 42 USC § 1981a, that Industries, Incorporated, and NSC Tech subjected Charging Parties Victoria Sellers and Shontell Coleman and a class of female employees to harassment because of sex, and that they unlawfully retaliated against Victoria Sellers by terminating her employment for opposing the sexual harassment. Plaintiff also alleges that Industries and Incorporated unlawfully retaliated

against Shontell Coleman when their supervisor threatened her life because she opposed his unlawful conduct. Industries, Incorporated, and NSC Tech have denied that they engaged in unlawful discrimination or any other unlawful conduct.

Industries agrees that the Court has subject matter jurisdiction over the action but objects to the Court's personal jurisdiction over it. To allow Industries to retain its objection but also allow for the entry of this Consent Decree, the Commission, Industries, Incorporated, and NSC Tech agree, immediately upon entry of this Consent Decree, to dismiss Industries from the action through the joint filing of a Stipulation of Dismissal with prejudice, under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), with all parties bearing their own attorneys' fees and costs incurred in this action.

## RECITALS

1.    In the interest of resolving this matter, and avoiding the expense of further litigation, the defendants Incorporated and NSC Tech ("Defendants") and the Commission (collectively, "Parties") have agreed that this action shall be finally resolved by entry of this Consent Decree. The Parties agree that the terms of this Consent Decree are adequate, fair and reasonable.

2.    The Parties do not object to the jurisdiction of this Court over the Parties and the subject matter of this lawsuit and agree to the power of this Court to approve this Consent Decree and enforce it as to the Parties.

3.    The Parties agree to entry of this Consent Decree without trial or further adjudication of the claims made by the Commission in this lawsuit, and waive their rights to a hearing, the entry of findings of fact and conclusions of law, and to a jury trial.

4.    The Parties agree that this Consent Decree is final and binding upon Defendants, and their agents, officers, all employees, servants, successors and assigns.

5.     The Parties agree that, prior to the full or partial sale or transfer of any Defendant's ownership rights or interests, that Defendant shall provide written notice of this Consent Decree and its contents to any potential purchaser or transferee. The Parties also agree that Defendant shall send the Commission a copy of the written notice at the same time it sends the written notice to the purchaser or transferee.

6.     The Parties agree that when this Consent Decree requires Defendants to send documents, reports, information, and items to the Commission or the Regional Attorney of the Birmingham District Office, the documents, reports, information, and items shall be sent to the attention of Marsha Rucker, Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205.

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) this Consent Decree is intended to and does resolve all matters in controversy in this lawsuit among the Parties that were or could have been alleged in the lawsuit under Title VII or the Civil Rights Act of 1991 and (iii) the terms of this Consent Decree constitute a fair and equitable settlement of all issues between the Parties in this lawsuit. This Consent Decree, being entered with the consent of the Parties for purposes of settlement, shall not constitute an adjudication on the merits of this lawsuit and shall not be construed as an admission by either Defendant that it violated Title VII or the Civil Rights Act of 1991.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

1.     This Consent Decree is entered into by the Commission and Defendants.

2.     This Consent Decree shall be final and binding between the Commission and Defendants.

3.     This Consent Decree shall resolve all claims which were or could have been raised under Title VII or the Civil Rights Act of 1991 by the EEOC in its Amended Complaint in Civil Action

No. 1:22-cv-00002-HSO-RHWR.

4.     This Consent Decree shall be filed in the United States District Court for the Southern District of Mississippi, Southern Division ("the Court"), and shall be in effect, and continue to be in effect, for a period of 30 months from the date of entry of this Consent Decree by the Court.

5.     Any modification of this Consent Decree by any Party shall be made by motion to the Court.

6.     The Court shall retain jurisdiction over this case to enforce the terms of the Consent Decree.

7.     Defendants and their supervisors, managers, officers, directors and successors shall promptly investigate reports of sexual harassment and respond appropriately in instances where findings of harassment are made.

8.     Defendants and their supervisors, managers, officers, directors and successors shall promptly investigate reports of retaliation made unlawful under Title VII and respond appropriately in instances where findings of such retaliation are made.

9.     Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the obligations of Defendants under Title VII.

10.    Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the EEOC's authority to process or litigate any current or future charge of discrimination filed with the EEOC or against Defendants.

## MONETARY RELIEF FOR CHARGING PARTIES

11.    Defendants shall pay monetary relief to Victoria Sellers for alleged backpay, compensatory and punitive damages as provided below:

    (a)    One check issued by NSC Tech and made payable to Victoria Sellers in the amount of SIX THOUSAND EIGHT HUNDRED FIFTY-SEVEN DOLLARS AND TEN CENTS

($6,857.10). This check should be mailed directly to Ms. Sellers and shall be attributed to the EEOC's claims for alleged compensatory damages.

(b)     One check issued by NSC Tech and made payable to Victoria Sellers in the gross amount of SIX THOUSAND DOLLARS ($6,000). This check should be mailed directly to Ms. Sellers, shall be attributed to alleged back pay damages. This portion of the settlement amount will be subject to applicable taxes and other withholdings required by law, which NSC Tech will deduct.

(c)     One check issued by NSC Tech and made payable to Clerk, USDC in the amount of EIGHT THOUSAND FIVE HUNDRED SEVENTY-ONE DOLLARS AND FORTY CENTS ($8,571.40) and paid into the Court's registry on behalf of Victoria Sellers. This check shall be mailed directly to the Court.

(d)     One check issued by Incorporated and made payable to Victoria Sellers in the amount of SEVENTY-SEVEN THOUSAND ONE HUNDRED FORTY-TWO DOLLARS AND NINETY CENTS ($77,142.90). This check should be mailed directly to Ms. Sellers.

(e)     One check issued by Incorporated and made payable to Clerk, USDC in the amount of FIFTY-ONE THOUSAND FOUR HUNDRED TWENTY-EIGHT DOLLARS AND SIXTY CENTS ($51,428.60) and paid into the Court's registry on behalf of Victoria Sellers. This check shall be mailed directly to the Court.

(f)     All checks set forth above shall be mailed by certified mail within 30 calendar days from the date of the entry of this Consent Decree and Defendants' receipt of appropriate tax forms from Ms. Sellers and the proper mailing address from Plaintiff.

(g)     Defendants shall also mail copies of the checks to the attention of Plaintiff's Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, Ridge Park

Place, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205 and email electronic copies to marsha.rucker@eeoc.gov.

(h) Defendants will timely issue applicable United States Internal Revenue Service forms to Ms. Sellers. Ms. Sellers is solely responsible for any tax consequences regarding these payment amounts.

12. Defendants shall pay monetary relief to Shontell Coleman for alleged compensatory and punitive damages as provided below:

(a) One check issued by NSC Tech and made payable to Shontell Coleman in the amount of TWELVE THOUSAND EIGHT HUNDRED FIFTY-SEVEN DOLLARS AND TEN CENTS ($12,857.10). This check should be mailed directly to Ms. Coleman.

(b) One check issued by NSC Tech and made payable to Clerk, USDC in the amount of EIGHT THOUSAND FIVE HUNDRED SEVENTY-ONE DOLLARS AND FORTY CENTS ($8,571.40) and paid into the Court's registry on behalf of Shontell Coleman. This check shall be mailed directly to the Court.

(c) One check issued by Incorporated and made payable to Shontell Coleman in the amount of SEVENTY-SEVEN THOUSAND ONE HUNDRED FORTY-TWO DOLLARS AND NINETY CENTS ($77,142.90). This check should be mailed directly to Ms. Coleman.

(d) One check issued by Incorporated and made payable to Clerk, USDC in the amount of FIFTY-ONE THOUSAND FOUR HUNDRED TWENTY-EIGHT DOLLARS AND SIXTY CENTS ($51,428.60) and paid into the Court's registry on behalf of Shontell Coleman. This check shall be mailed directly to the Court.

(e) All checks set forth above shall be mailed by certified mail within 30 calendar days from the date of the entry of this Consent Decree and Defendants' receipt of appropriate tax forms from Ms. Coleman and the proper mailing address from Plaintiff.

(f) Defendants shall also mail copies of the checks to the attention of Plaintiff's Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205 and email electronic copies to marsha.rucker@eeoc.gov.

(g) Defendants will timely issue applicable United States Internal Revenue Service forms to Ms. Coleman. Ms. Coleman is solely responsible for any tax consequences regarding the payment.

## CLASS RELIEF

13. Defendants shall pay monetary relief in the total amount of FIFTY THOUSAND DOLLARS ($50,000) to the Claimants (as defined and identified below) for all claims raised by the EEOC in its Complaint as provided below.

(a) NSC Tech shall pay a total of SEVEN THOUSAND ONE HUNDRED FORTY-TWO DOLLARS AND ZERO CENTS ($7,142.00) to Claimants; and

(b) Incorporated shall pay a total of FORTY-TWO THOUSAND EIGHT HUNDRED FIFTY-EIGHT DOLLARS AND ZERO CENTS ($42,858.00) to Claimants.

(c) Within thirty (30) calendar days of the effective date of this Decree, the Commission will provide Defendants with a distribution list created by the Commission that lists each class member ("Claimant"), the address to which each Claimant's check shall be mailed, and the amount each Claimant shall receive.

(d) Defendants will issue each Claimant an IRS Form 1099. Each Claimant is solely responsible for any tax consequences regarding the payment amounts made to them under this Decree.

(e) Within thirty (30) calendar days of the date the Commission sends the distribution list to Defendants, Defendants shall make payment of the monetary relief by certified mail to each

Claimant by check payable to each Claimant using the address provided in the distribution list. Concurrently, copies of the checks and related correspondence must be submitted to the Commission to the attention of Regional Attorney, Marsha Rucker, 1130 22nd St. South, Suite 2000, Birmingham, AL 35205. In addition, electronic copies of all such correspondence will be delivered to marsha.rucker@eeoc.gov.

    (f)    Failure to adhere to the distribution list will constitute a breach of this Consent Decree.

    (g)    Defendants will promptly notify the Commission in the event any mailing to any Claimant is returned to Defendants as undeliverable.

14.    These amounts payable in paragraphs 11-13 above shall be paid in full settlement of the claims against Defendants, which were the basis of the EEOC Charges filed by Victoria Sellers (Charge No. 425-2018-01094) and Shontell Coleman (Charge No. 425- 2018-01103), including all alleged amendments thereto, and the EEOC's Amended Complaint, case number 1:22-cv-00002-HSO-RHWR in the Southern District of Mississippi. The payments made to the registry of the court are made pending the court's resolution of alleged attorney's lien claims; the net amount, after deduction for any attorney's liens determined by the court to be valid, will be disbursed to Victoria Sellers and Shontell Coleman in accordance with the above provisions once the court has made its determination.

## GENERAL INJUNCTIVE RELIEF

15.    Within sixty (60) days of the approval and signing of the Consent Decree by the Court and its entry onto the case docket in this lawsuit, each Defendant shall review its policies against discrimination and retaliation and revise them, if necessary, so that such policies include, at a minimum, the following:

    (a)    A statement expressing its strong and clear commitment to a workplace that

complies with Title VII, and is free of unlawful discrimination, harassment and retaliation;

(b)  A statement encouraging employees who believe they have been discriminated or retaliated against, or who believe they have witnessed discrimination or retaliation, to report it;

(c)  A requirement that persons who complain about discrimination or retaliation shall not be retaliated against, and that Defendant will take disciplinary and corrective action against any employee, supervisor, manager or officer who engages in discrimination or retaliation or, if a supervisor, manager or officer, condones discrimination or retaliation, or fails to address either in conformity with the law and these policies and procedures;

(d)  A requirement that the identity of employees who complain about, report or are witnesses to discrimination or retaliation, or witnesses in investigations of discrimination or retaliation, shall be kept confidential, to the degree it can be done;

(e)  A statement that provides an assurance of non-retaliation for persons who believe they have been subjected to discrimination, harassment or retaliation, and for persons who otherwise oppose activity unlawful under Title VII, or reasonably believed to be unlawful, or who participate in any form or fashion, including providing statements, assistance or information related to the complaint, allegations or report of discrimination, harassment or retaliation;

(f)  Clear definitions of sex harassment and retaliation, with examples where appropriate;

(g)  Convenient, confidential and reliable mechanisms for reporting incidents of harassment and retaliation;

(h)  Designation of at least two employees as investigative officers to receive and investigate reports of harassment, discrimination or retaliation;

(i)  A requirement that each investigative officer receive (or has received) at least a minimum of 3 hours of training on identifying and investigating harassment and retaliation;

(j)     A statement that employees may raise concerns or complaints without retaliation about matters, whether alleged, perceived or actual, prohibited by Title VII and the Defendant's EEO policies and procedures;

(k)     A statement that reports of harassment and retaliation can be made to any supervisory or managerial employee and to any member of Defendant's human resources staff;

(l)     If Defendant already employs a third party company to provide a complaint hotline number for reporting complaints, a statement that reports of harassment and retaliation can be made to the hotline;

(m)     A statement that reports of harassment and retaliation may be made orally or in writing and can be made anonymously;

(n)     Broad dissemination of the telephone numbers, mailing and email address of supervisory or management staff to whom reports of harassment and retaliation should be directed;

(o)     A requirement that any supervisory, managerial, or human resources employee who observes or otherwise obtains information regarding harassment and retaliation report such information as described in the applicable policy or procedure;

(p)     A statement that requires Defendant, its officers, directors, managers, supervisors, recruiters, and human resource personnel be trained on the requirements of Title VII and the Defendant's EEO policies and procedures;

(q)     A statement that describes in detail the consequences, up to and including termination, that shall be imposed upon violators of Title VII and the Defendant's EEO policies and procedures;

(r)     A statement that provides assurances that Defendant shall investigate all allegations of discrimination or retaliation promptly, fairly, reasonably, effectively, expeditiously and as confidentially as possible under the circumstances by appropriate investigators and that

appropriate corrective action and appropriate follow-up shall be taken by Defendant to make victims whole and to eradicate the discrimination or retaliation; and

(s) A requirement that each discrimination and retaliation investigation be kept confidential, to the degree it can be done.

16. NSC Tech shall provide employees assigned to work at Huntington Ingalls' Pascagoula, Mississippi shipyard with a one-page overview of its Sexual & Other Unlawful Harassment and Discrimination Policy within 90 calendar days of the date this Consent Decree is approved and signed by the Court and entered in the case docket in this lawsuit. The one-page overview of the Anti-Harassment Policy with reference to the full policy shall also be provided to each new NSC Tech employee assigned to work at Huntington Ingalls' Pascagoula, Mississippi shipyard during NSC Tech's orientation process.

17. Incorporated shall post a one-page overview of its Anti-Harassment Policy with information directing employees to the full Anti-Harassment Policy in prominent locations at the Ingalls facility that are frequented by employees, and it shall be made available to all Ingalls employees within 90 calendar days of the date this Consent Decree is approved and signed by the Court and entered in the case docket in this lawsuit. The one-page overview of the Anti-Harassment Policy with reference to the full policy shall also be provided to each new Ingalls employee during Ingalls' orientation process.

18. Defendants shall mail a copy of all policies and procedures that satisfy paragraphs 15 - 17 to the EEOC Birmingham District Office, Regional Attorney 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205, within 90 days of the entry of this Consent Decree.

## ANNUAL TRAINING FOR MANAGERS, SUPERVISORS AND EMPLOYEES

19. During the term of this Decree, Defendants agree to the following:

(a) NSC Tech shall, once per year, provide one-hour training, either live or via video

recording, to all non-supervisory employees assigned to work at Huntington Ingalls' Pascagoula, Mississippi shipyard on employment discrimination and retaliation. NSC Tech will make reasonable efforts to schedule and conduct such initial training within ninety (90) days of the entry of this Consent Decree. NSC Tech will submit to the EEOC an agenda for the EEO training program for all non-supervisory employees.

(b) Incorporated shall perform employment discrimination and retaliation training at Ingalls in the following manner: (1) EEO and ethics training during orientation of Ingalls-based employees which makes clear Incorporated's zero tolerance for harassment, discrimination, and retaliation; (2) dissemination of the full Code of Ethics & Business Conduct, which prohibits harassment, discrimination, and retaliation, to every Ingalls-based employee who completes orientation; (3) quarterly ethics training of active Ingalls-based craft employees (that allows for questions and answers) on topics such as "Retaliation and Coercion" and "Workplace Harassment/Discrimination" and includes mandatory reporting requirements and avenues for reporting such conduct; (4) continued hosting at Ingalls of a high-profile week-long campaign, currently referred to as Ethics Week, that emphasizes the company's policies related to ethical behavior and EEO issues; (5) regular publication in the weekly Ingalls Connect Newsletter (formerly Ingalls News) of the importance of compliance with the Anti-Harassment Policy, including specific mention of a zero tolerance for sexual harassment; (6) continued inclusion of Diversity & Inclusion articles and resources on the Ingalls Connect Application, which is free for employees to download; and (7) annual certification by Ingalls-based craft employees of completion of the Code of Ethics & Business Conduct refresher training.

20. This training shall include the following topics:

(a) An explanation of Title VII and the Defendant's policies regarding discrimination, harassment and retaliation;

(b) All aspects of Title VII including, but not limited to, discrimination based on sex, the legal requirements of Title VII, including examples of sex discrimination and harassment, and the retaliation provisions of Title VII;

(c) The importance of maintaining an environment free from discrimination, harassment and retaliation;

(d) The protections against retaliation for reporting, opposing or participating in activity related to the opposition of discrimination or retaliation;

(e) The types of disciplinary actions that shall be taken against any employee who engages in discrimination or retaliation;

(f) Practical examples aimed at the prevention of discrimination and retaliation; and

(g) Avenues available to employees of Defendants to submit internal complaints of discrimination and/or retaliation.

21. During the term of this Consent Decree, all NSC Tech supervisory employees assigned to work at Huntington Ingalls' Pascagoula, Mississippi shipyard and all management-level employees of Incorporated who are employed at the Ingalls facility shall complete annual live or electronic training that addresses the same topics as required for non-supervisory employees, and, in addition, shall instruct such individuals on best practices for prevention of a sexually hostile work environment, and responding to discrimination and retaliation complaints. The training shall also address the Defendants' policies pertaining to confidentiality and anti-retaliation relative to employees who report or participate in an investigation or oppose discrimination and retaliation, and how to treat employees who report, witness, oppose or otherwise participate in an investigation or opposition of harassment and retaliation. The training shall also explain that the evaluation of supervisors and/or managers shall consider, among other things, compliance with Defendants' anti- harassment policies.

22. All training shall include information that will allow an employee to contact an appropriate manager or administrative employee for questions and answers.

23. Incorporated shall generate a registry containing signatures of all active Ingalls-based craft employees who complete on an annual basis the refresher training of the Code of Ethics & Business Conduct. Incorporated shall retain the registry for the duration of the Consent Decree. Incorporated shall also retain electronic proof that managers completed the training described above for the duration of the Consent Decree. NSC Tech shall retain electronic proof that all employees, supervisors and/or managers assigned to work at Huntington Ingalls' Pascagoula, Mississippi shipyard attended the trainings described above.

24. The trainings required by this Decree shall be conducted using training materials, examples of which will be provided to the EEOC within 90 days of entry of the Consent Decree. The Defendants will mail copies of the registry and proof of managerial training on July 31, 2023 and July 31, 2024 to the EEOC Birmingham District Office, to the attention of the Regional Attorney at the address set out above. Acceptance or review of these materials by the Commission shall not constitute approval of the said materials but may be retained for compliance purposes.

25. The training shall be presented by trainers or educators with knowledge and expertise in the requirements of Title VII, and the prevention of discrimination and retaliation, and may be presented by Defendants' Human Resources professionals with such knowledge and expertise.

**OTHER RELIEF**

26. In the event Defendants receive any request for information, whether verbal or written, from potential employers, prospective employers or third parties seeking references or information about Victoria Sellers, Shontell Coleman or any of the Claimants identified on the distribution list, Defendants shall inform such potential employer(s), prospective employer(s) or third parties that its policy and practice is only to provide the dates of an individual's employment and the position

held by that individual. Notwithstanding the foregoing, nothing in this Consent Decree shall be construed as prohibiting Defendants from responding to or otherwise complying with a lawful court order issued after Defendants' communication to the subpoenaing party that the information or documents sought pursuant to the subpoena are, or may be, subject to this Consent Decree.

## POSTING OF NOTICE

27. Defendants shall post the 6-part Department of Labor/Equal Employment Opportunity is The Law poster (item # 83800) in all breakrooms or other areas accessible to all employees as required by law.

28. Within thirty (30) calendar days after entry of this Decree, NSC Tech shall sign and provide a copy of the notice attached as Exhibit A to this Consent Decree to all employees assigned to work at Huntington Ingalls' Pascagoula, Mississippi shipyard. Within thirty (30) calendar days after entry of this Decree, Incorporated at its Ingalls' facility shall sign and post 8½-inch-by-11-inch sized copies of the notice attached as **Exhibit A** to this Consent Decree on all bulletin boards usually used for announcements, and for notices of employment policy or practice changes to employees, during the term of this Consent Decree, including intranet pages and electronic bulletin boards.

## RECORDS RETENTION

29. NSC Tech and Incorporated's Ingalls' facility shall maintain the following records during the period of this Consent Decree:

    (a) Title VII policies and procedures;

    (b) Discrimination and retaliation complaints made by employees;

    (c) All documents generated in connection with any complaint investigation, or resolution of complaints involving allegations of violations of Title VII, including discrimination, reasonable accommodation and retaliation;

(d) Examples of materials used in training provided pursuant to the terms of this Consent Decree; and

(e) Attendance lists for such training.

## SUCCESSOR NOTIFICATION

30. NSC Tech shall provide notice and a copy of this Decree to any successors or any other corporation or other entity that acquires it and to any other corporation or other entity into which it may merge. Incorporated shall provide notice and a copy of this Decree to any successors or any other corporation or other entity that acquires its Ingalls' facility and to any other corporation or other entity into which the Ingalls' facility may merge. The successors or acquiring entities shall be fully liable for complying with the terms of the Decree.

## DISPUTE RESOLUTION

31. In the event that the Commission believes during the term of this Consent Decree that any Defendant has failed to comply with any provision(s) of the Consent Decree, the Commission shall notify that Defendant or its counsel of the alleged non-compliance and shall afford that Defendant thirty (30) calendar days thereafter to remedy the non-compliance or to satisfy the Commission the alleged non-compliance is not well founded. If that Defendant has not remedied the alleged non- compliance or satisfied the Commission that it has complied within thirty (30) calendar days, the Commission may apply to the Court for appropriate relief.

## ATTORNEYS' FEES

32. The Parties shall bear their own attorneys' fees and costs incurred in this action up to the date of the entry of this Consent Decree.

## **FORCE AND EFFECT**

33. The duration of this Consent Decree shall be 30 months from its entry. For all purposes in this Consent Decree, the date of entry is the date the Court enters it into the record with the Judge's signature.

34. The Court shall retain jurisdiction for the duration of the Consent Decree, during which the Commission may petition this Court for compliance with this Consent Decree. Should the Court determine that either or both Defendants have not complied with this Consent Decree, appropriate relief, including extension of the Consent Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

35. Absent extension, this Consent Decree shall expire by its own terms at the end of 30 months from the date of entry of this Consent Decree without further action by the Parties.

36. The Parties agree to the entry of this Consent Decree subject to final approval by the Court.

SO ORDERED, ADJUDGED, and DECREED this 18th day of July, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

APPROVED AND CONSENTED TO BY:

Date: 07/12/2022

_____
AUTHORIZED REPRESENTATIVE
FOR DEFENDANT HUNTINGTON INGALLS
INDUSTRIES, INC.

Edmond E. Hughes
(Printed Name)

Date: _____

_____
AUTHORIZED REPRESENTATIVE
FOR DEFENDANT HUNTINGTON
INGALLS INCORPORATED

Susan Jacobs
(Printed Name)

Date: 07/11/2022

_____
ATTORNEY FOR DEFENDANTS
HUNTINGTON INGALLS INDUSTRIES, INC.;
HUNTINGTON INGALLS INCORPORATED

Adam Gates
(Printed Name)

Date: 7/11/2022

_____
AUTHORIZED REPRESENTATIVE
FOR DEFENDANT
NSC TECHNOLOGIES, LLC

J. Todd Orten
(Printed Name)

Date: 7/9/2022

_____
ATTORNEY FOR DEFENDANT
NSC TECHNOLOGIES, LLC

Angela Courtwright
(Printed Name)

Date: 7/9/2022

_____
MARSHA RUCKER
ATTORNEY FOR PLAINTIFF EEOC

Marsha L. Rucker
(Printed Name) Regional Attorney

## EXHIBIT A
## NOTICE TO ALL EMPLOYEES

This Notice is posted and/or being provided by agreement with the Equal Employment Opportunity Commission (EEOC). Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination against employees on the basis of race, color, religion, national origin, or sex. The law also makes it illegal to retaliate against a person because the person complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit. Title VII prohibits discrimination against applicants or employees because of their sex or race, in all employment practices, including hiring, firing, advancement, compensation, training, and other terms, conditions, and privileges of employment.

It is illegal to harass an employee because of race, color, religion, sex (including gender identity, sexual orientation, and pregnancy), national origin, age (40 or older), disability or genetic information. It is also illegal to harass someone because they have complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit. Harassment can take the form of slurs, graffiti, offensive or derogatory comments, or other verbal or physical conduct. Sexual harassment (including unwelcome sexual advances, requests for sexual favors, and other conduct of a sexual nature) is also unlawful. The harasser can be the victim's supervisor, a supervisor in another area, a co-worker, or someone who is not an employee of the employer, such as a client or customer.

If you believe you have been discriminated against, subjected to retaliation, or have been a witness to discrimination or retaliation, you may contact the EEOC at (205) 212-2000. The EEOC charges no fees and has employees who speak languages other than English.

This Notice must remain posted for 30 months from July 18, 2022, and must not be altered, defaced or covered, by any other material. Any questions about this Notice or compliance with its terms may be directed to: Regional Attorney, EEOC Birmingham District Office, Ridge Park Place, Suite 2000, 1130-22nd Street South, Birmingham, Alabama 35205.